UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---

JIMMY E. RHODES,
ALL PERSONS WHO ARE OR
WILL BE WORKING AT UNICOR,
MARION-USP,

vs.

Case No.: 19-50-JPG

UNITED STATES OF AMERICA;
FNU LNU, ASSOCIATE WARDEN OF
OPERATIONS (USP-MARION);
DIRECTOR, FEDERAL BUREAU OF
PRISONS;
WILLIAM TRUE (WARDEN,
USP-MARION);
IN OFFICIAL AND INDIVIDUAL
CAPACITIES.

---

VERIFIED COMPLAINT FOR DAMAGES
Jury Trial is Demanded

---

## I   INTRODUCTION

This is a mixed complaint brought by a federal prisoner under both the
Federal Tort Claims Act ("FTCA"), as well as an Eighth Amendment claim under
Bivens v. Six Unknown Named Agents of Federal Bureau  of Narcotics, 403 U.S.
388 (1971). The essence of the claims assert specific OSHA and Illinois Public
Health violations for the United States and Bureau of Prisons' failure to
provide adequate functioning toilets for their population working in the space
currently occupied by UNICOR, where this deprivation is not temporary.

II    PARTIES

Plaintiff(s):   Jimmy Eugene Rhodes
                USM # 15026-064
                P.O. Box 1000
                Marion, IL  62959

                All present and future inmates working in the space currently
                occupied by UNICOR - FPI

Defendants:     United States of America
                by and through its counsel, Steven Wigginton, U.S. Attorney
                Nine Executive Drive
                Fairview Heights, IL  62208

                Director of the Bureau of Prisons (Hugh J. Hurwitz)
                Office of General Counsel, HOLC Building
                320 First St. NW
                Washington, D.C.  20534

                William True (Warden, USP-Marion)
                FNU LNU (Associate Warden Operations, USP-Marion)
                4500 Prison Rd.
                P.O. Box 2000
                Marion, IL  62959

III    JURISDICTION

This action presents a federal constitutional question under 28 U.S.C.

§ 1331.  This action also presents a claim under FTCA, 28 U.S.C. § 1346 for

both state of Illinois tort, and violation of statute 18 U.S.C. § 4042(a)

(failure of duty of care by the Bureau of Prisons).

<u>IV</u>   <u>FACTS</u>

1.   The attached "Basis for Claim," "Sworn Affidavit of Jimmy Eugene Rhodes, USM # 15025-064," and all administrative remedies ("BP-8," "BP-9," "BP-10," "BP-11," administrative "Tort Claim" TRT-NCR-2018-04568, and all responses to Remedy ID 930555-R, and 927668-R) are fully adopted into this Facts section as if presented here.

2.   Since April of 2015, UNICOR staff and inmates requested more toilets be installed in the space currently occupied by UNICOR-FPI, Marion Cable Factory.

3.   In November 2017, Plaintiff began the administrative remedy process, with the targeted complaint that the Bureau of Prisons must provide at least the minimum number of toilet facilities, and prompt access to the facilities when needed under 29 CFR § 1910.141, and table J-1 of that section.

4.   That table is based on the number of employees.  At the time of Plaintiff's administrative remedy request for relief, there were 352 employees.  Since then, at the time of filing this Complaint, that number exceeds 400.

5.   As the attached table J-1 demonstrates (within the BP-8), there must be <u>six</u> toilets for 150 employees, and an additional toilet for every 40 employees above 150.  Thus, at the current (say 400) employees, the number of toilets is given by the following:   $6 + \frac{250}{40}$ =>> 6 + 6.25 = <u>12.25</u> toilets.  Rounding up, 13 water closets are required by that calculation.  Now, since there are not any women, urinals may account for $\frac{1}{3}$ of those.  No fewer than $\frac{2}{3}$ of the total number of toilets ( 13 x $\frac{2}{3}$ = <u>8.67</u> ) are supposed to be water closets.  Put simply, there should be <u>9</u> water closets minimum and <u>4</u> urinals minimum.

6.   At the time of writing this Complaint, there are <u>six</u> water closets, and <u>five</u> urinals.  (See fn*1, Table J-1).

7.   In between the time of filing the initial administrative remedy and now, the BOP increased from three water closets to the current <u>six</u>; and from <u>three</u> urinals to the current <u>five</u>, within the space currently occupied by the employees of UNICOR at USP-Marion.

8.   There is a shortage of at least <u>three</u> water closets to be in compliance with the requests of this Complaint and authority cited herein.

9.   In February of 2018, three months after Plaintiff started the grievance process and nearly three years after UNICOR staff began asking for more toilets, Jimmy Rhodes wrote Marion Medical Staff to inform them that "I shit on my self!!!!!!"  This revelation also added to the observation Mr. Rhodes made of inmates who were "defecating in buckets into a plastic bag and throwing it in refuse containers later to be sorted by recycling employees."

10.  As of the writing of this Complaint, lines to use the water closets still take up to 30 minutes to use (or longer where one or more is clogged and sits unrepaired for days.  Calling those situations only "temporary" does not fly when an inmate suffers from diverticulosis or forced mega-colon.)

<u>V</u>    <u>CLAIMS</u>

    a.   Under the FTCA, Defendants Have Breached a Duty of Care Because
        the Federal Bureau of Prisons Has a Duty of Care Under Federal Statute

See, 18 U.S.C. § 4042(a), which provides, in relevant part:

"[The BOP shall] (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
(3) Provide for the protection, instruction, and discipline of all persons charged with or convicted or offenses against the United States[.]"

Negligent or intentional violations of this duty are actionable under the FTCA even if state law would not permit the suit.  United States v. Muniz, 374 U.S. 150, 165 (1963).  The United States' agents have corporate knowledge of and training in OSHA regulations, and violations of those regulations are not a subset of a "discretionary function or duty."  As such, the discretionary function exception does not apply since a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," and "the employee has no rightful option but to adhere to the directive." United States v. Gaubert, 499 U.S. 315, 322-323 (1991); accord, Berkovitz v. United States, 486 U.S. 531, 536, 537 (1988).  The lack of functioning toilets also colors a claim under both state of Illinois public health standards, and ACA correctional standards the BOP must comply with.

      b.    Under the Eighth Amendment of the United States Constitution's Cruel and Unusual Punishment Clause, an Inadequate Number of Functioning Toilets on a Non-Temporary Basis is Actionable Under Bivens

Jimmy Rhodes not only "s--t" on himself, but he also noticed other inmates were defecating in plastic-bag-lined buckets and throwing them in the recycling department's refuse pile (which is also sorted by inmate workers).  Subsequent

efforts by the BOP's Warden True proved wholly inadequate and missed the requested mark to follow OSHA regulations.  What is more, when Jimmy tried to complain about the mishandling of his administrative remedies and file on the tardy responses and late returns (so he could appeal the denials), his correctional counselor, Mr. Thompson, told Jimmy "I don't have to do a fucking thing, I'm in the Union."  No one he talked to afterward would give him an additional adminstrative remedy to file on the retaliation.  (Also a whistleblower claim that Plaintiff will more fully brief in a subsequent memorandum in support).  Mr. Rhodes talked to AW Powers, Unit Manager Ms. Byrum, Unit Team Manager Ms. Dawn, etc. There was no one who was remotely helpful (after the Warden himself told him -- circuitously -- to talk to his counselor, the same one who told him to "fuck off").  When Jimmy saw Ms. Bagwell from the Medical Department, she was the only one who showed concern but was not "authorized" to give him an administrative remedy.  All of these facts are outlined in the Affidavit in Support and Basis for Claim and others attached to this Complaint.

Prisons must provide adequate functioning toilets for their populations. Fischer v. Winter, 564 F.Supp. 281 (N.D. Cal. 1983)  (Failure to increase bathroom facilities while population was increasing was unconstitutional); Richardson v. Sheriff of Middlesex County, 407 Mass. 455 (Mass. 1990)  (two toilets for 60 prisoners violated pretrial detainees' rights).  Even in extreme situations justifying denial of normal toilet facilities, the failure to allow the prisoner promptly to dispose of her wastes violated the Eighth Amendment. Young v. Quinlan, 960 F.2d 351 (3rd Cir. 1992);  See, also, Wells v. Franzen, 777 F.2d 1258 (7th Cir. 1985)  (Same).

A District Court, using Federal OSHA standards as a guide, can find the conditions described as constitutionally defective.  It can order full compliance with OSHA regulations.  French v. Owens, 777 F.2d 1250 (7th Cir. 1985)  (citing Santana v. Collazo, 714 F.2d 1172, 1183 (1st Cir. 1983); Leeds v. Watson, 630 F.2d 674 (9th Cir. 1980).)  However, "not every deviation from ideally safe conditions constitutes a violation of the constitution." Ruiz v. Estelle, 679 F.2d 1115.  But, "the district judge may consider these standards, but must order the correction of specific violations and may require only that these corrections bring the conditions above constituitonal minima." Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982).  Specifically at bar, the District Court should consider these matters and require Defendant to make specific corrections of sanitation conditions at Marion's UNICOR space to meet constitutional standards.

## VI  RELIEF REQUESTED

A.  $5,000,000 Compensatory; $5,000,000 Punitive; $1.00 Nominal altogether to Jimmy Rhodes (main Plaintiff) alone.

B.  $1.50 to each current and past employee at UNICOR-Marion who was an inmate from April 2015 up to date of settlement or any partial time period between those two dates.

C.  Declaratory relief publically noticing that the BOP at Marion failed for years to provide the minimum level of worker sanitation under OSHA, the State of Illinois, and ACA Correctional standards, as applicable.

D.   Injunctive relief ordering the Defendant to comply with OSHA, state of Illinois and ACA correctional standards of worker sanitation.

E.   Any other such relief as the Court feels is appropriate.


## VII   VERIFICATION


_1-14-19_

Date Executed

/s/ Jimmy E. Rhodes

Jimmy Eugene Rhodes, pro se
USM # 15025-064
P.O. Box 1000
Marion, IL  62959

Under penalty of perjury persuant to
28 U.S.C. § 1746, I hereby swear and verify
that the foregoing is true and correct as an affidavit;
Further, that under Prison Mailbox Rule, it has been
deposited this day in the institution's internal mail
system designed for legal mail, United States Postal Service,
first-class postage prepaid.

## A NOTE PERTAINING TO CLASS ACTION CERTIFICATION

Mr. Rhodes represents the following to assist the Court in interpreting the Complaint:

1.   Mr. Rhodes does not intend on certifying or seeking certification of class standing for the FTCA claim; He will seek it for the Bivens claim.

2.   Once the Complaint is filed and a case number is assigned, he intends on filing a motion for certification of the class.  Fed. R. Civ. P. 23.

3.   Because pro se prisoner litigants are generally not permitted to represent classes, Plaintiff Rhodes will be moving for appointment of counsel.

4.   Mr. Rhodes represents that the class is so numerous, that joinder of all class members is impracticable.  Fed. R. Civ. P. 23(a)(1).

5.   Mr. Rhodes represents that the questions of law and fact are common to the class members and himself.  Fed. R. Civ. P. 23(a)(2).

6.   The claims or defenses of the representative parties are typical of the claims or defenses of the other class members.  Fed. R. Civ. P. 23(a)(3).

7.   Mr. Rhodes represents that the representative party fairly and adequately protects the interest of the class.  Fed. R. Civ. P. 23(a)(4).

8.   Mr. Rhodes represents that membership of the class is so fluid that joinder of all class members makes no sense, either.

_1-14-19_
Date Executed
Under penalty of perjury pursuant to
28 U.S.C. § 1746, I hereby swear and verify
that the foregoing is true and correct as an affidavit.

/s/ Jimmy E. Rhodes
Jimmy Eugene Rhodes, pro se
USM # 15025-064
P.O. Box 1000
Marion, IL  62959

## SWORN AFFIDAVIT OF JIMMY EUGENE RHODES,
### USM # 15025-064

State of Illinois      )
                        ) ss.
County of Williamson  )

I, JIMMY EUGENE RHODES, hereby swear and verify that if called upon to testify, I would tesify as follows under penalty of perjury:

1. The attached "Basis for Claim" is fully adopted into this affidavit as if presented here.

2. During the November 2017 to present day lifecycle of my administrative remedies in the BOP, I was not permitted to file an additional BP-8, etc. on the claim of retaliation because my counselor, Mr. Thompson, told me he "didn't have to do a fucking thing, I'm in the Union!"

3. Further, subsequent conversations with Warden True, Associate Warden Powers, Unit Manager Byrum and Unit Team Manager Ms. Dawn all proved fruitless in obtaining further administrative remedies. The time period of this can readily be inferred from the dates of the attached administrative remedies to the Complaint.

4. I personally witnessed another inmate (Wade Perkins) wrap up his feces in a plastic bag he had to use as a make-shift toilet and heard him tell others that he had thrown it in the garbage. I personally know that the garbage cans in UNICOR go right into the recycling department.

5. I personally witnessed other inmates doubled over in pain due to backed-up colons full of feces they were not permitted to empty due to a lack of suitable sanitary toilets (water closets) at UNICOR.

6. I personally know of the emails sent to USP-Marion Facilities and administrative staff asking for more toilets to be installed. The emails were sent by Mr. Whitecotton on more than one occassion. It is my understanding that UNICOR uses the space within Marion-USP that is owned by the BOP.

7. I have had to leave work and use the restroom in my cell on at least a dozen occassions every month since April 2015 to present. Other inmates (in fact all other inmates to my knowledge) have had to the same.

Affidavit of Jimmy Rhodes, Page 1 of 2 _J.R_ (Initial)

8.  After the BOP installed more toilets (bringing the number of water closets up from three to six), I asked for another administrative remedy because I knew this was not sufficient.  The same people mentioned in ¶¶2-3 above told me either they could not help me, or, as in Mr. Thompson's case, to simply "fuck off, Rhodes."

9.  All of the facts in the Complaint and underlying administrative remedies are adopted into this Affidavit as if fully presented here.


_1-14-19_
Date Executed

/s/ _Jimmy E. Rhodes_
Jimmy Eugene Rhodes, pro se
USM # 15025-064
P.O. Box 1000
Marion, IL  62959

Under penalty of perjury pursuant to
28 U.S.C. § 1746, I hereby swear and verify
that the foregoing is true and correct as an affidavit;
Further, that under Prison Mailbox Rule, it has been
deposited this day in the institution's internal mail
system designed for legal mail, United States Postal Service
first-class postage prepaid.


Affidavit of Jimmy Rhodes, Page 2 of 2 _J.R_  (Initial)

[ Exhibit 3 ].

## Basis for Claim

Introduction

Plaintiff is a businessman with a lifetime of construction experience,

primarily in concrete and bricklaying, and is currently serving a federal sentence.

During the administrative remedy process (where Plaintiff's claim centered on

worker health and sanitation code violations), Defendants at bar engaged in

retaliatory behavior against Plaintiff. Plaintiff has exhausted his Administrative

Remedies.

Undisputed Facts

Plaintiff, Jimmy Eugene Rhodes, USM # 15025-064, is currently

incarcerated at the United States Penitentiary in Marion, Illinois.  He first arrived

at USP Marion in 2007, and began working at UNICOR in November of 2007.

His first task – given his background – included getting an unused area of the

prison ready for the purpose of re-starting the UNICOR-FPI program.  The

Defendants/Respondents at bar[1] authorized, funded, and ensured the area

designated for UNICOR would be up to code.  *See*, the Code of Federal

Regulations, 29 CFR § 1910.141 (Sanitation Standard).

J.R

---

[1] To include the United States, the Bureau of Prisons, the Warden at Marion, the Associate
Warden, and the Department Head of Facilities (and the staff under him/her).

The BOP assured by action, funding, communication, and policy that UNICOR – FPI's staff and inmate's needs were met under the CFR standard and their duty of care under 18 U.S.C. § 4042(a). During that time, Plaintiff was one of the inmates who worked under both groups in the area designated for production. Those efforts in 2007 (and 2008) included the installation of nine water closets[2], seven urinals, and hand-washing stations at each location. With those facilities, UNICOR was up and running because it was (then) in compliance with 29 CFR § 1910.141 (Sanitation), Table J-1. (Table J-1 controls the minimum number of water closets and urinals under Occupational Safety and Health Standard (OSHA) for Labor.)

Several years later, in late 2014, the growth and expansion of UNICOR at USP – Marion could not be contained by the old area. Respondents (BOP Administration and Facilities), together with UNICOR staff negotiated and executed a "space swap," wherein the Facilities Department would move into Marion UNICOR's space (about 20,000 square feet), and UNICOR would move into the old Facilities space (about 45,000 square feet). The transition occurred in Spring of 2015.

J.R

---

[2] A *water closet* means a toilet facility maintained within a toilet room for the purpose of both urination and defecation. A *urinal* means a toilet facility within a toilet room for the sole purpose of urination. [29 CFR § 1910.141, definitions].

For the past three years, from April 2015 to April 2018, the current UNICOR space (formerly the Facilities Department) has had *two* water closets and *three* urinals for inmate use[3]. In addition to the two inmate water closets mentioned, there is one additional inmate water closet in the Warehouse below UNICOR, for a total of three. All of the claims, facts, relief, and statements from the underlying administrative remedies are fully adopted as if set forth here. [Exhibit ___].

Employment records at the time of the space swap (2015) are not attached, but are subject to subpoena from the records available from Travis Newsom and Amanda Price at UNICOR (payroll account staff, contact information pending). Early 2017 employment records at USP-Marion, however, are available for January of 2017 and August of 2017. There were 249 employees at that time. [Exhibit ___].

During the time period of the administrative remedy actions supporting this claim, there were as many as 370 inmate workers. At the time of the writing of this claim, there are 344 inmate workers. [Exhibit ___]. Relevant to this Claim, the calculations contained in the attached administrative remedy process indicate under OSHA regulations that there must be at least **eight** water closets and **four**

_____J.R_____

[3] As an aside, there are three staff-only restrooms, each with its own water closet, and inmates are prohibited by door controls and policy to not use them.

urinals at USP-Marion.  If we include the one downstairs for inmate use, there are now and have been only three water closets and three urinals.

In response to the administrative remedy process, BOP Administration and Facilities Departments began a construction project to add three water closets and four urinals.  Defendants did not respond as to why the BOP never updated the facilities in the 2-1/2 years UNICOR occupied the new space. UNICOR staff Shawn Whitecotton sent emails to facility's staff Ms. Hanbaum, Mr. Norris, and Mr. Kelly about it, but neither they nor the BOP administration responded with corrective action.

At bottom, keep these figures in mind as the contested facts below unfold: Eight water closets are required, but only six are the new (stated goal) total; and while only four urinals are required, seven urinals is the new (stated goal) total.

<u>Facts Supporting Claims of Retaliation and Breach of Duty of Care</u>

During the administrative remedy process, Defendants retaliated against Plaintiff by sabotaging the timeliness of his filings:

"I timely reported Respondent's untimely response in my BP-10 (a violation of CFR § 542.18).  This effort was further thwarted by Region's lack of understanding that the original BP-9 (which Region said I needed) **was retained by Respondents past the day of default**.  All of the sabotaged paperwork unlawfully

withheld by Respondents Region and Warden etc., has been re-sent as a new sensitive claim as retaliation and intentional interference with access to the Administrative Remedy Process.  In short, my filing of the BP-10 was timely and simply did not have the paperwork administration intentionally refused to return to me in a timely manner … which <u>necessarily</u> caused an additional [sensitive filing] claim caused by Respondents.

In other words, the Warden returned the response to the BP-9 to Plaintiff much later than the date it was due him by policy, and then they back-dated it to reflect the date it was due.  This forced Plaintiff to file his BP-10 to Region without the Warden's response, which was returned for that "reason".  Plaintiff followed up with that claim to Central office (BP-11) to iron it out.  They refused to listen and Plaintiff filed an additional BP-10 (called a "sensitive 9" to avoid local retaliation).  The Respondents gave an ironic reason to deny the sensitive claim:  "Your claims of retaliation and improper administrative remedy rejection were not first presented at the institution level.  These claims should first be submitted at the institution level prior to submission to the regional office."  [BP-11, Response].

That sensitive filing, however, emphasized: "… Respondent Warden failed to answer Remedy ID 930555-R1 in accordance with CFR § 542.18 in a timely manner, and further thwarted by Region's lack of understanding that the original BP-9 [Warden's response]

was retained past the date of default [...] I <u>claimed</u> in the BP-10 for 930555-R1 that Respondents failed to answer or otherwise plead. That should have been enough. Now, the instant filing (really a <u>sensitive filing</u>) is administered with all the same paperwork. I fear continued retaliation coupled with the instant denial of access to the Administrative Remedy process. In addition to the paperwork below, I am attaching the Respondent Warden's BP-9 answer **that was filed [i.e. from administration to the inmate] too late to include in my underlying claim."**

[BP-10 (sensitive BP-9), attached].

Plaintiff had contemporaneously complained about the retaliatory treatment as it unfolded. He included it in the filings below, and when he asked for a "new" local BP-8 (to play along with the gamesmanship the administration engaged in), his counselor (Mr. Thompson) and his immediate superiors refused to give him one. In fact, Mr. Thompson said things like "catch me later" or "not right now" and would not make himself available. In fact, Mr. Thompson later stated "I don't have to do a fuckin' thing, I'm Union!!" in early April of 2018. Other staff members on unit team were contacted (like Ms. Byrum, Ms. Dawn, including Associate Warden Powers), but since they are not authorized to do the work of a correctional counsellor, they refused to give Plaintiff additional administrative remedies. It became abundantly apparent that local officials from

Administration, Facilities, Unit Team and so on were altogether not going to provide Plaintiff access to the Administrative Remedy process.

On one occasion, Plaintiff defecated on himself because he could not make it to a water closet. The lines are regularly over 30 minutes for a wait time and exposed him to forced mega-colon, diverticulosis, and various other health risks listed in the filings below. He emailed Medical Services (Ms. Bagwell) when he happened to be forced to "shit on myself!!!". In the filings below he also spoke of the fact of inmates being forced to defecate in buckets lined with small trash bags, which inevitably ended up in the recycling department.

A summary of the contested facts are as follows: **(1)** The chronicled events caused Plaintiff's reasoned belief that his administrative remedy paperwork was monkey'd with at the local level (sabotaged-by-retaliation a claim for compliance with federal sanitation regulations); **(2)** Plaintiff then filed a "sensitive" remedy to Region to all the same claims, but also revealed that the reason the BP-9 Warden's response was not included was due to administration sand-bagging their response; **(3)** The number of water closets is fewer (by two) than what the law and common human decency require.

<u>Claims and Nature of Injuries</u>

1.  <u>Retaliation</u>

While engaging in constitutionally protected litigation, the Defendants – the United States, and its Agent Administrators at the BOP – willfully and wantonly disregarded Plaintiff's rights.  This was accomplished most notably by withholding the Warden's response until after their deadline passed, but then returned the response to Plaintiff, backdated. This of course is false and misleading behavior.  This had the effect of making Plaintiff appear as if he did not perfect his filing, which would then have the potential effect of causing an administrative law judge or district judge to throw out Plaintiff's claim for failure to exhaust his remedies. Plaintiff contemporaneously complained of the retaliatory treatment as it unfolded, and included it in the filings below and when Plaintiff asked for a "new" local BP-8, his counselor (Mr. Thompson) and his immediate superiors refused to give him one.


2.  Breach of Duty of Care

Under the FTCA, Defendants have breached a duty of care.  The Federal Bureau of Prisons has a duty of care under federal statute to:

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons

charged with or convicted of offenses against the United States ..."

[18 U.S.C. § 4042(a)].

Negligent or intentional violations of this duty are actionable under the FTCA

even if state law would not permit the suit.  *United States v. Muniz*, 374 U.S. 150,

165 (1963).  The United States' agents have corporate knowledge of OSHA

regulations, and violations of those regulation are not a subset of a "discretionary

function or duty."  As such, the discretionary function exception does not apply

since a "federal statute, regulation, or policy specifically prescribes a course of

action for an employee to follow," and "the employee has no rightful option but

to adhere to the directive."  *United States v. Gaubert*, 499 U.S. 315, 322-323 (1991);

*accord, Berkovitz v. United States*, 486 U.S. 531, 536, 537 (1988).

Relief Requested

- $5,000,000 Compensatory; $5,000,000 Punitive; $1.00 nominal
- Injunctive and Declaratory Relief ordering the BOP to comply with OSHA Sanitation regulations consistent with this complaint.
- Any other such relief as the Court feels is appropriate.


_1-14-19_                     /s/ _Jimmy E. Rhodes_

Date Executed                          Jimmy Eugene Rhodes, *pro se*
Under penalty of perjury pursuant to                  USM # 15025-064
28 U.S.C. § 1746, I swear and verify that                P.O. Box 1000
the foregoing is true and correct as an               Marion, IL  62959
affidavit; further, that it has been deposited this
day in the institution's internal mail system
designed for legal mail, United States Postal
Service, first-class postage prepaid.

Page 10 of 10



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of Regional Counsel*

400 State Avenue
Tower II, Suite 800
*Kansas City, KS 66101*

November 19, 2018

Jimmy RHODES
Reg. No. 15025-064
USP Marion
P.O. Box 1000
Marion, IL 62959

Re:  Claim Number TRT-NCR-2018-04568
     Amount Claimed: $ 5,000,001.00

     CERTIFIED RECEIPT  7008 3230 0003 2655 5636

Dear Claimant:

Your above referenced tort claim has been considered for administrative review pursuant to 28 CFR § 0.172,  <u>Authority: Federal Tort Claims</u> and 28 CFR Part 14, <u>Administrative Claims Under Federal Tort Claims Act</u>.  Investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied.  This memorandum serves as a notification of final denial under 28 CFR § 14.9, <u>Final Denial of Claim</u>. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification.

Sincerely,

Richard M. Winter
Regional Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons
*St. Louis Consolidated Legal Ce*

*Robert A. Young Federal Building*
*1222 Spruce Street, Suite 6.101*
*St. Louis, MO 63103*

Official Business



7008 3230 0003 2655 5636





U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

PITNEY BOWES
02 1P  **$ 003.92⁰**
0002218694  NOV 19 2018
MAILED FROM ZIP CODE 63103

G

Jimmy RHODES
Reg. No. 15025-064
USP Marion
P.O. Box 1000
Marion, IL 62959

62959-750000

USP MARION
SPECIAL/LEGAL MAIL
DATE/TIME RECEIVED FROM USPS  11-26-18 @ 93⁰
DATE/TIME RECEIVED FROM MAIL ROOM  11-26-18  1130
RECEIVED BY
DATE/TIME DELIVERED
DELIVERED BY  11-26-18  1145



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

05-16-2018


JIMMY RHODES, #15025-064
USP MARION
P.O. BOX 1000
MARION, IL 62959

      Re: Administrative Claim for Damages
      Claim #:       TRT-NCR-2018-04568       $ 5,000,001.00

Dear Claimant:

      This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

      Your claim was received on 05-11-2018.  The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency.  Accordingly, in the matter of the above referenced claim, the government's response is not due until 11-10-2018.

      Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                  Sincerely,
                  Richard M. Winter
                  Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>Federal Bureau of Prisons<br>North Central Region<br>Gateway Complex Tower II<br>400 State Avenue, 8th Floor<br>Kansas City, KS 66101 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Jimmy Eugene Rhodes<br>USM # 15025-064<br>P.O. Box 1000<br>Marion, IL 62959 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>11/16/1966 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>April 2015 to April 2018+ | 7. TIME (A.M. OR P.M.)<br>All |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached "Basis of Claim"

**9.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)      N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

N/A

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached "Basis of Claim"

**11.** **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| J. Powers, Associate Warden<br>Mr. Norris, Facilities<br>Shawn Whitecotton, UNICOR<br>Ms. Hanbaum, Facilities<br>Mr. Kelly, Facilities Plumbing | USP - Marion<br>P.O. Box 2000<br>4500 Prison Rd.<br>Marion, IL 62959 |

**12.** (See instructions on reverse.)      **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$5,000,000 +<br>$1.00 nominal | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$5,000,001 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

N/A

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   |   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in Item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

05-16-2018

JIMMY RHODES, #15025-064
USP MARION
P.O. BOX 1000
MARION, IL 62959

      Re: Administrative Claim for Damages
      Claim #:     TRT-NCR-2018-04568      $ 5,000,001.00

Dear Claimant:

      This is to notify you of our receipt of your administrative claim for damages under provisions of the Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq., alleging liability of the United States Government.

      Your claim was received on 05-11-2018. The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency. Accordingly, in the matter of the above referenced claim, the government's response is not due until 11-10-2018.

      Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

              Sincerely,
              Richard M. Winter
              Regional Counsel

[ Exhibit 2 ].

TRULINCS  15025064 - RHODES, JIMMY EUGENE - Unit: MAR-G-A

--------------------------------------------------------------------------------------------------------

FROM: Health Services
TO: 15025064
SUBJECT: RE:***Inmate to Staff Message***
DATE: 02/27/2018 01:37:02 PM

The Facilities Manager is aware of this situation and it is being addressed.

>>> ~^!"RHODES, ~^!JIMMY EUGENE" <15025064@inmatemessage.com> 2/26/2018 5:53 PM >>>
To: Mrs.Bagwell
Inmate Work Assignment: Cbl-1

Mrs. Bagwell I work in unicor where there are only two (2) toilets for approxamently 372 inmates. I had to use the # 2 shitter so i went to find out there was five (5) other inmates in line and i had to wait,after 37 minutes of waiting,i shit on my self!!!!!!
I had to leave work and go back to my unit,g-unit b-13 to clean up,i know it may not be a medical problem that there are not more toilets but i wanted to inform someone of my problem,

thank you for your attention to this matter

Mr. Rhodes

[Exhibit __1__].

Attachment A

# Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name: __Jimmy Rhodes__ Reg. No. _15025-064_ Unit: _G-B-13_ Date: _12/20/17_

NOTICE: You are advised that prior to filing a Request for Administrative Remedy [BP-9], you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: _____

In violation of 29 CFR § 1910.141 (Sanitation Standard for places of employment), there are an inadequate number of restrooms for the size of the workforce. Employers must provide at least the minimum number of toilet facilities (see table J-1 in 29 CFR § 1910.141), and prompt access to the facilities when needed. Restroom access frequency needs may vary significantly from worker to worker, and may be affected by medications, fluid intake, air temperature and other factors.

2. State what efforts you have made to informally resolve your complaint: _____

UNICOR inmates have requested more toilets since April of 2015. UNICOR staff has requested more toilets from both the AW of Operations, as well as from Facilities (CMS) since 2015, as well. There has been no effort to comply with 29 CFR § 1910.141 on the part of USP-Marion (who are responsible for the facility).

3. State what resolution you request:

In accordance with table J-1 in 29 CFR § 1910.141, based on the current workforce of 352 inmate employees (staff restrooms are not inmate-accessible), USP-Marion Administration and CMS shall *immediately* install eleven (11) new water closets. Denial of access to toilet facilities represents an Eighth Amendment and basic human rights and health violation. ($1,000,000 compensatory and $1,000,000 punitive, plus $1.33 nominal.)

Inmate's Signature: __Jimmy Rhodes__ Date: _12/30/17_

4. Correctional Counselor's Comments (Steps to Resolve): _____

_See attached._

Counselor's Signature: _____ Date: _12-31-17_

Unit Manager's Review: _____ Date: _12/20/17_

|  | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin. Remedy Clerk |
|---|---|---|---|---|
| Date | 12-30-17 | 1-5-18 | 1-5-18 | 1-16-18 |
| Time | 300p | 100 | 105p | 1''/ |
| Counselor | Kewack | Rob | Thim | hut |

_C le 12-20p_

Page 1 of 2

¶1.1  Any of the following shall be considered retaliation (for my participation in the administrative remedy process or any other protected act), actionable and admitted under signature of the respondent as stipulation, agreement, and understanding to pay all damages listed herein: writing of bogus "shots;" nuisance shake-downs; interfering with UNICOR functioning as a productive factory by closure; undue delay or shortening of work day and night availability; changing my cell/housing unit/institution assignment without my express, written consent; changing or re-assignment of programming, work (UNICOR), or education without my express, written consent.

¶1.2  All attachments are adopted into this BP-8 as if fully presented here.

¶1.3  Excerpts from 29 CFR § 1910.141 are included below:

Toilet facility, means a fixture maintained within a toilet room for the purpose of defecation or urination, or both.

Toilet room, means a room maintained within or on the premises of any place of employment, containing toilet facilities for use by employees.

Toxic material means a material in concentration or amount which exceeds the applicable limit established by a standard, such as §§ 1910.1000 and 1910.1001 or, in the absence of an applicable standard, which is of such toxicity so as to constitute a recognized hazard that is causing or is likely to cause death or serious physical harm.

Urinal means a toilet facility maintained within a toilet room for the sole purpose of urination.

Water closet means a toilet facility maintained within a toilet room for the purpose of both

(c) Toilet facilities -- (1) General. (i) Except as otherwise indicated in this paragraph (c)(1)(i), toilet facilities, in toilet rooms separate for each sex, shall be provided in all places of employment in accordance with table J-1 of this section. The number of facilities to be provided for each sex shall be based on the number of employees of that sex for whom the facilities are furnished. Where toilet rooms will be occupied by no more than one person at a time, can be locked from the inside, and contain at least one water closet, separate toilet rooms for each sex need not be provided. Where such single-occupancy rooms have more than one toilet facility, only one such facility in each toilet room shall be counted for the purpose of table J-1.

Table J-1

| Number of employees | Minimum number of water closets fn1 |
|---|---|
| 1 to 15 | 1 |
| 16 to 35 | 2 |
| 36 to 55 | 3 |
| 56 to 80 | 4 |
| 81 to 110 | 5 |
| 111 to 150 | 6 |
| Over 150 | (fn2) |

fn1 Where toilet facilities will not be used by women, urinals may be provided instead of water closets, except that the number of water closets in such cases shall not be reduced to less than 2/3 of the minimum specified.

fn2 1 additional fixture for each additional 40 employees.

12-30-17
Date Executed
Under penalty of perjury pursuant to 28 U.S.C. § 1746
I swear and verify as an affidavit all facts and claims above.

/s/ Jimmy E. Rhodes
Printed name:
USM # 15025-064
P.O. Box 1000

Overview

## Letters of Interpretation

**4/6/1998:** This standard [29 CFR 1910.141] requires employers to make toilet facilities available so that employees can use them when they need to do so.

**4/6/1998:** This standard [29 CFR 1910.141] requires employers to make toilet facilities available so that employees can use them when they need to do so.

**4/23/2003:** The need to use toilet facilities varies from person to person and even with respect to the same person.

### Highlights

Employers must maintain restrooms in a sanitary condition. Restrooms must provide hot and cold running water or lukewarm water, hand soap or similar cleansing agent and warm air blowers or individual hand towels (e.g., paper or cloth). Waterless hand cleaner and towels/rags are not adequate substitutes for soap and water.

OSHA requires employers to provide all workers with sanitary and immediately-available toilet facilities (restrooms). The sanitation standards (29 CFR 1910.141, 29 CFR 1926.51 and 29 CFR 1928.110) are intended to ensure that workers do not suffer adverse health effects that can result if toilets are not sanitary and/or are not available when needed.

## Considerations for Transgender Workers

OSHA published the Best Practices publication, A Guide to Restroom Access for Transgender Workers, to provide specific guidance to employers regarding restroom access for transgender workers.

For more information, see OSHA's Sanitation Standards 29 CFR 1910.141, 29 CFR 1926.51 and 29 CFR 1928.110.

## How do employers ensure restrooms are accessible?

Employers must provide at least the minimum number of toilet facilities, in toilet rooms separate for each sex (see table J-1 in 29 CFR 1910.141), and prompt access to the facilities when needed. Restroom access frequency needs may vary significantly from worker to worker, and may be affected by medications, fluid intake, air temperature and other factors.

In response to questions about reasonable access to toilet facilities over the last nearly 20 years, OSHA published letters of interpretation that, together, describe how employers ensure prompt access to toilet facilities (see references for letters of interpretation). Employers must:

- Provide an adequate number of restrooms for the size of the workforce to prevent long lines
- Do not impose unreasonable restrictions on restroom use
- Ensure restrictions, such as locking doors or requiring workers to sign out a key, do not cause extended delays
- Allow workers to leave their work locations to use a restroom when needed

Employers may need to be flexible in developing procedures to ensure that workers have access to toilet facilities as needed. Employers with mobile workers must provide readily available transportation that provides prompt access (i.e., less than 10 mins) to restrooms if they are not available at the work location. Toilets for farmworkers must be located no more than a quarter mile from the location where workers are working on similar findings. Also, when work stations require constant coverage (e.g., production lines and bus drivers), employers may implement a system for workers to request relief as long as there are sufficient relief-workers to assure the wait is not unreasonably long.

BP-8

Administrative Remedy-Informal Resolution (BP-8) Attachment

Marion, Illinois

Correctional Counselors Comments (Steps to Resolve)

For inmate RHODES, Jimmy. #15025-064

4. In response to your complaint, Work Order # 26474 and #26473 have been submitted. The plumbers replaced the toilet in UNICOR on December 14, 2017 because it was broken. The plumbers unclogged the toilet in the same area on December 19, 2017. Facilities is aware of this issue and is currently working on a plan for the installation of additional toilets, urinals and sinks in UNICOR. The project is costly and labor intensive. The Foreman have gotten a quote for the cost of the project. The UNICOR manager and Facilities manager will have to discuss the project before they proceed in the near future.

BP-4

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Administrative Remedy**
**Part B - Response**

---

Admin Remedy Number:  927668-F1

---

This is in response to your Administrative Remedy receipted on January 17, 2017, wherein you request immediate installation of additional water closets and urinals in the UNICOR Factory.

Facilities has a plan in place to install additional fixtures for inmate use, which will require extensive work to the existing plumbing infrastructure. Plumbing materials have been ordered and work will begin when all materials have arrived.

Accordingly, your Request for Administrative Remedy is for informational purposes only. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_2/7/18_
Date

B. True, Warden

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: <u>Rhodes, Jimmy E.</u>   <u>15025-064</u>   <u>G-02-013</u>   <u>U.S.P.-Marion</u>
      **LAST NAME, FIRST, MIDDLE INITIAL**   **REG. NO.**   **UNIT**   **INSTITUTION**

**Part A- INMATE REQUEST** : All facts, claims, relief, and damages in the BP-8 are fully adopted into this BP-9 as if presented here. Respondent admits that (since Spring fo 2015) "Facilities is aware of this issue and is currently working on a plan for the installation of additional toilets, urinals and sinks in UNICOR." Absolutely no attempt to explain the nearly three-year delay in updating the U.S.P.-Marion area where (now) more than 370 inmates work, appears anywhere in the response. Title 29 of the Code of Federal Regulations, Labor, Part 1910 is an Occupational Safety and Health Standard. It controls the quantity of toilet facilities. The <u>minimum</u> number of water closets is given by 29 CFR § 1910.141 (Sanitation), Table J-1. At a current workforce of 370+, the Table yields for up to 150 employees, 6 water closets minimum; footnote 2 directs an additional water closet for each additional 40 employees above 150. Thus, 370 - 150 = a difference of 220. 40 goes into 220, 5.5 times. So at bottom, a 6-water-closet minimum, plus 5.5 additional water closets is (rounded up) 12 water closets. OSHA Table J-1 footnote 1 says that -- like at bar -- where toilet facilities will not be used by women, urinals may be provided instead of water closets, except that the number of water closets in such cases <u>shall not be reduced to less than 2/3 of the minimum specified</u>. For purposes of this Adminimstrative Remedy, a minimum of eight water closets (for the purpose of both defication and urination), and four urinals (for the sole purpose of urination), shall immediately be installed, together with adjacent sinks for hand washing.

<u>1-12-18</u>                        *Jimmy Rhodes*
**DATE**                          **SIGNATURE OF REQUESTER**

**Part B- RESPONSE**

_____          _____
**DATE**                          **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

                                        CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
          **LAST NAME, FIRST, MIDDLE INITIAL**   **REG. NO.**   **UNIT**   **INSTITUTION**

SUBJECT: _____

_____          _____
**DATE**                          **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

USP LVN

Case 3:19-cv-00050-JPG Document 1-1 filed 01/16/19 Page 38 of 55 Page ID #35

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Rhodes, Jimmy E.**        **15025-064**        **G-Unit**        **USP-Marion**
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

**Part A - REASON FOR APPEAL:** This is an independant claim caused by BOP Agents of Region, and Region's Sara Revelli: Despite the fact that Respondent Warden failed to answer Remedy ID 930555-R1 in accordance with CFR § 542.18 in a timely manner, and further thwarted by Region's lack of understanding that the original BP-9 was retained past the date of default, Region decided to reject my BP-10. This perplexing decision ignores reality. I **claimed** in the BP-10 for 930555-R1 that Respondents failed to answer or otherwise plead. That should have been enough. Now, the instant filing (really a sensitive filing) is administered with all the same paperwork. I fear continued retaliation coupled with the instant denial of access to the Administrative Remedy process. In addition to the paperwork below, I am attaching the Respondent Warden's BP-9 answer that was filed too late to include in my underlying claim. All retaliatory action facts, claims, damages and relief from Remedy ID 930555-R1 are fully adopted into this instant (sensitive) filing as if presented here.

$1,000,000 compensatory and $1,000,000 punitive damages. Failure to answer or otherwise plead is understood as consent, stipulation, and agreement in contract to reward all claims and accept all facts as true.

_2-21 18_
DATE

_Jimmy E. Rhodes_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN        PRINTED ON RECYCLED PAPER        BP-230(13)
JUNE 2002

RECEIPT - ADMINISTRATIVE REMEDY

DATE: MARCH 30, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : JIMMY EUGENE RHODES, 15025-064
      MARION USP    UNT: UM EAST    QTR: G02-013L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 927668-R1
DATE RECEIVED   : FEBRUARY 28, 2018
RESPONSE DUE    : MARCH 30, 2018
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       :

As of this Receipt, I have not
Received the Response.

Case 1:19-cv-00050-JPG Document 1 Filed 01/16/19 Page 40 of 55 Page ID #40

Accepted as timely filed by BOP Agents of Region, USP Marion Legal Mailroom by date below and confirmed by stamp on envelope, prison mailbox rule, certified receipt #

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Rhodes, Jimmy E. | 15025-064 | G-Unit | USP - Marion |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL:** As claimed below, in my BP-8 and 9 (fully adopted into this BP-10 as if set forth here), Respondent's failure to answer or otherwise plead on the BP-9 is understood as consent to all claims, facts, relief, and damages. In addition, Responents agree to pay all filing fees, court costs, transportation costs, or any and all other costs and fees related to the enforcement or litigation of this claim.

Informal communication with Mr. Norris, Mrs. Hanbaum, and the Associate Warden(s) and Warden indicates that staff are aware of the violation of the Code of Federal Regulations OSHA Sanitation and OSHA Labor standards. But the violation continues with no visible sign of correction. In addition, informal communications indicate efforts to bring the facility in line with the code and the law appear to be mere window dressing. To-wit: While the sanitation and labor violations have been acknowledged for years, the "fix" they talk about does not meet the minimum of Eight water closets, and minimum of Four urinals, together with a hand-washing station at each location. Instead, Staff apparently need guidance as to publically posting a construction plan to "build into" compliance in an immediate and timely schedule.

| 2-6-18 | Jimmy E. Rhodes |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
FEB 12 2018
REGIONAL DIRECTOR
NORTH CENTRAL REGION

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 930555-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

UPN LVN    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002

# Regional Administrative Remedy Appeal

Accept as timely 00050-IP-Documents-Filed-thru-BOP-Agents-of-Region-pr41 prison mailbox rule by date below and stamped on envelope, certified rec.#

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Rhodes, Jimmy E. | 15025-064 | G-Unit | USP-Marion |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL:** This is an independant claim caused by BOP Agents of Region, and Region's Sara Revelli: Despite the fact that Respondent Warden failed to answer Remedy ID 930555-R1 in accordance with CFR § 542.18 in a timely manner, and further thwarted by Region's lack of understanding that the original BP-9 was retained past the date of default, Region decided to reject my BP-10. This perplexing decision ignores reality. I **claimed** in the BP-10 for 930555-R1 that Respondents failed to answer or otherwise plead. That should have been enough. Now, the instant filing (really a <u>sensitive filing</u>) is administered with all the same paperwork. I fear continued retaliation coupled with the instant denial of access to the Administrative Remedy process. In addition to the paperwork below, I am attaching the Respondent Warden's BP-9 answer that was filed too late to include in my underlying claim. All retaliatory action facts, claims, damages and relief from Remedy ID 930555-R1 are fully adopted into this instant (sensitive) filing as if presented here.

$1,000,000 compensatory and $1,000,000 punitive damages. Failure to answer or otherwise plead is understood as consent, stipulation, and agreement in contract to reward all claims and accept all facts as true.

| 2-21-18 | Jimmy E. Rhodes |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

## Part B - RESPONSE



FEB 2 8 2018

---

| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 927668-R1

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

UPN LVN          PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number**:   927668-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on February 29, 2018, in which you claim regional staff improperly rejected Administrative Remedy No. 930555-R1, and the rejection is in retaliation for utilizing the administrative remedy process.   You also include copies of your administrative remedy and institution response concerning water closets and urinals in the UNICOR factory. For relief, you request compensatory and punitive damages.

The information presented in your Regional Administrative Remedy Appeal and the Warden's response, dated February 7, 2018, has been reviewed.   Your claims of retaliation and improper administrative remedy rejection were not first presented at the institution level. These claims should first be submitted at the institution level prior to submission to the regional office. The Warden properly addressed your claims concerning additional plumbing at the UNICOR factory. Procedures are in place for the installation of additional fixtures to this area.

Monetary damages may not be awarded via the administrative remedy process.   If you wish to seek monetary compensation based on the negligence of staff, you must file your claim through the administrative procedures applicable to the basis of your claim (i.e., 31 U.S.C. § 3723 or the Federal Tort Claims Act).

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_____
**Date**

_____
Sara M. Revell, Regional Director

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 9, 2018


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JIMMY EUGENE RHODES, 15025-064
      MARION USP    UNT: UM EAST    QTR: G02-013L
      P.O. BOX 2000
      MARION,  IL 62959


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


   REMEDY ID      : 930555-A1       CENTRAL OFFICE APPEAL
   DATE RECEIVED  : MARCH 1, 2018
   SUBJECT 1      : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
   SUBJECT 2      :
   INCIDENT RPT NO:

   REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                    FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                    NOTICES.

Accepted Case timely filed in USP-Marion legal Mailroom by BOP agents of Central Office; Prison Mailbox rule by date below and stamped on envelope, certified rec.#

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Rhodes, Jimmy E. | 15025-064 | G-Unit | USP-Marion |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL:** My BP-8, 9 and 10 are fully adopted into this BP-11 as if fully set forth here. I timely reported Respondent's untimely response in my BP-10,(a violation of CFR § 542.18.) This effort was further thwarted by Region's lack of understanding that the original BP-9 (which Region said I needed) was retained by Respondents past the day of default. All of the sabotaged paperwork unlawfully withheld by Respondents Region and Warden etc., has been re-sent as a new sensitive claim as retaliation and intentional interference with access to the Administrative Remedy Process. In short, my filing of the BP-10 was timely and simply did not have the paperwork administration intentionally refused to return to me in a timely manner.... which necessarily caused an additional claim caused by Respondents.

I have no other way to secure basic sanitation, OSHA labor and code-compliance by Facilities staff and the Warden for refusing access to water closets. I have alerted medical of my exposure to forced mega-colon, diverticulosis, obstruction, and paralysis of the colon. Other inmates have used empty buckets lined with plastic trash bags, forcing human waste to end up in the recycling department!!! This sort of behavior on the part of the BOP is offensive to my dignity as human being. I am now searching for answers to my medical concerns and endangerment to chronic colitis as well.

| 2-21-18 | _Jimmy E. Rhodes_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
MAR 01 2018
Administrative Remedy Section
Federal Bureau of Prisons

| _____ | GENERAL COUNSEL |
|---|---|
| DATE | |

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 930555-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

| _____ | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

UPN LVN                    PRINTED ON RECYCLED PAPER                    BP-231(13)
JUNE 2002

# GRADE BY ETHNICITY

## CBL-1,2,3,4 — COUNT 173

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 6 | 18% | 7 | 18% | 5 | 13% | 1 | 2% | 0 | 0% | 20 |
| HISPANIC | 0 | 0% | 0 | 0% | 1 | 3% | 6 | 13% | 3 | 7% | 1 | 11% | 11 |
| NATIVE | 0 | 0% | 1 | 3% | 5 | 13% | 2 | 4% | 8 | 17% | 0 | 0% | 16 |
| WHITE | 0 | 0% | 26 | 79% | 25 | 66% | 33 | 70% | 34 | 74% | 8 | 89% | 126 |
| TOTALS: | 0 |  | 33 |  | 38 |  | 47 |  | 46 |  | 9 |  | 173 |
|  | 0% |  | 19% |  | 22% |  | 27% |  | 27% |  | 5% |  | 100% |

## CBL-ADM — COUNT 10

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 0 | 0% | 1 | 20% | 0 | 0% | 0 | 0% | 0 | 0% | 1 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| WHITE | 0 | 0% | 3 | 100% | 4 | 80% | 1 | 100% | 1 | 100% | 0 | 0% | 9 |
| TOTALS: | 0 |  | 3 |  | 5 |  | 1 |  | 1 |  | 0 |  | 10 |
|  | 0% |  | 30% |  | 50% |  | 10% |  | 10% |  | 0% |  | 100% |

## P/S — COUNT 7

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 1 | 50% | 1 | 33% | 1 | 50% | 0 | 0% | 0 | 0% | 3 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| WHITE | 0 | 0% | 1 | 50% | 2 | 67% | 1 | 50% | 0 | 0% | 0 | 0% | 4 |
| TOTALS: | 0 |  | 2 |  | 3 |  | 2 |  | 0 |  | 0 |  | 7 |
|  | 0% |  | 29% |  | 43% |  | 29% |  | 0% |  | 0% |  | 100% |

## QA — COUNT 26

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 1 | 11% | 1 | 14% | 2 | 25% | 0 | 0% | 0 | 0% | 4 |
| HISPANIC | 0 | 0% | 0 | 0% | 1 | 14% | 0 | 0% | 0 | 0% | 0 | 0% | 1 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| WHITE | 0 | 0% | 8 | 89% | 5 | 71% | 6 | 75% | 2 | 100% | 0 | 0% | 21 |
| TOTALS: | 0 |  | 9 |  | 7 |  | 8 |  | 2 |  | 0 |  | 26 |
|  | 0% |  | 35% |  | 27% |  | 31% |  | 8% |  | 0% |  | 100% |

## WH — COUNT 20

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 1 | 25% | 2 | 29% | 1 | 33% | 1 | 20% | 0 | 0% | 5 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 1 | 20% | 0 | 0% | 1 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 1 | 20% | 0 | 0% | 1 |
| WHITE | 0 | 0% | 3 | 75% | 5 | 71% | 2 | 67% | 2 | 40% | 1 | 100% | 13 |
| TOTALS: | 0 |  | 4 |  | 7 |  | 3 |  | 5 |  | 1 |  | 20 |
|  | 0% |  | 20% |  | 35% |  | 15% |  | 25% |  | 5% |  | 100% |

## CAMP-WH — COUNT 4

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 1 | 33% | 0 | 0% | 1 | 100% | 0 | 0% | 0 | 0% | 2 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| WHITE | 0 | 0% | 2 | 67% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 2 |
| TOTALS: | 0 |  | 3 |  | 0 |  | 1 |  | 0 |  | 0 |  | 4 |
|  | 0% |  | 75% |  | 0% |  | 25% |  | 0% |  | 0% |  | 100% |

## HANGR — COUNT 3

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 0 | 0% | 1 | 100% | 0 | 0% | 0 | 0% | 0 | 0% | 1 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| WHITE | 0 | 0% | 0 | 0% | 0 | 0% | 1 | 100% | 1 | 100% | 0 | 0% | 2 |
| TOTALS: | 0 |  | 0 |  | 1 |  | 1 |  | 1 |  | 0 |  | 3 |
|  | 0% |  | 0% |  | 33% |  | 33% |  | 33% |  | 0% |  | 100% |

## Training — COUNT 6

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 |
| HISPANIC | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 1 | 0% | 1 |
| NATIVE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 1 | 0% | 1 |
| WHITE | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 0 | 0% | 4 | 0% | 4 |
| TOTALS: | 0 |  | 0 |  | 0 |  | 0 |  | 0 |  | 6 |  | 6 |
|  | 0% |  | 0% |  | 0% |  | 0% |  | 0% |  | 100% |  | 100% |

## MACB FACTORY TOTALS — COUNT: 249

|  | PREMIUM | % | GRADE 1 | % | GRADE 2 | % | GRADE 3 | % | GRADE 4 | % | GRADE 5 | % | TOTALS: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLACK | 0 | 0% | 10 | 19% | 13 | 21% | 11 | 17% | 2 | 4% | 0 | 0% | 36 |
| HISPANIC | 0 | 0% | 0 | 0% | 2 | 3% | 6 | 10% | 4 | 7% | 1 | 10% | 13 |
| NATIVE | 0 | 0% | 1 | 2% | 5 | 8% | 2 | 3% | 9 | 16% | 0 | 0% | 17 |
| WHITE | 0 | 0% | 43 | 80% | 41 | 67% | 44 | 70% | 40 | 73% | 9 | 90% | 177 |
| TOTALS: | 0 |  | 54 |  | 61 |  | 63 |  | 55 |  | 10 |  | 243 |
|  | 0% |  | 22% |  | 24% |  | 25% |  | 22% |  | 4% |  | 98% |

4/27/2018
10:05:17 AM
Julian Date: 117

DO NOT MAKE CHANGES
TO THIS FILE!!!
REPORT ALL CHANGES TO
THE HR CLERK.

P/T AM: 39
P/T PM: 37
Full Time: 268
Lay IN    2

CAMP: 3
USP: 344
TOTAL: 347

| # | Reg No. | Full Name | UNIT | CREW KIT | Job Costing | Active | JOB ASSIGNMENT | Under 2 yrs | Orig Hire Date |
|---|---------|-----------|------|----------|-------------|--------|----------------|-------------|----------------|
| 1 | 12422-029 | Adkins, Charles | D | CBL WH | WH | A | Administrative Clerk | NO | 1/11/2016 |
| 2 | 19976-424 | Allen, Duwayne | L | CBL 1 | BRAID | A | Electronic Worker | YES | 7/2/2012 |
| 3 | 36695-044 | Allred, Kenneth | B | CBL 1 | CBL | A | Electronic Worker | YES | 9/12/2016 |
| 4 | 14104-045 | Al-Mutawakkil, Wyatt | N | CBL QA | QA | A | (QA)Electronic Inspector | YES | 1/19/2017 |
| 5 | 15846-041 | Alsaker, William | B | CBL 2 | DAHL | A | Electronic Worker | NO | 5/26/2015 |
| 6 | 11055-097 | Andreozzi, Armand | N | CBL 1 | CBL | A | Electronic Worker | NO | 1/10/2017 |
| 7 | 11243-273 | Antelope, Sonny | X | CBL 4 | MACH | A | Welder | YES | 8/23/2017 |
| 8 | 28118-045 | Arnold, Jacob | X | CBL 2 | DAHL | A | Electronic Worker | NO | 8/23/2017 |
| 9 | 15503-002 | Ash, David | G | CBL 3 | CBL | A | Electronic Worker | YES | 8/1/2016 |
| 10 | 03968-063 | Ashlin, Randal | D | CBL QA | QA | A | (QA)Shipping Checker | NO | 11/14/2016 |
| 11 | 19650-026 | Atkins, Norman | E | CBL 1 | SINC | A | Electronic Worker | YES | 10/27/2015 |
| 12 | 64284-097 | Attebury, Thomas | B | CBL QA | QA | A | Administrative Clerk | NO | 12/13/2013 |
| 13 | 13557-073 | Baker, Francis | L | CBL 5 | CBL | A | Electronic Worker | | 2/12/2018 |
| 14 | 79315-079 | Baker, Sammy | E | CBL 1 | CBL | A | Electronic Worker | NO | 4/1/2017 |
| 15 | 26411-045 | Bappert, Jeremy | L | CBL 3 | CBL | A | Material Handler | NO | 11/9/2017 |
| 16 | 13453-059 | Barth, Duane | L | CBL QA | QA | A | (QA)Electronic Inspector | NO | 10/23/2017 |
| 17 | 62777-066 | Bartlett, Douglas | C | CBL ADMIN | OFC | A | Administrative Clerk | YES | 11/29/2010 |
| 18 | 62137-018 | Beam, Paul | F | CBL 4 | BLUSCPE | A | Administrative Clerk | NO | 4/17/2017 |
| 20 | 19804-111 | Beets, Christopher | F | CBL ADMIN | OFC | A | Administrative Clerk | NO | 4/1/2017 |
| 21 | 20079-051 | Begay, Arnold | N | CBL 4 | CBL | A | Machine Operator 1 | YES | 4/17/2017 |
| 22 | 06034-090 | Beier, James | C | CBL 1 | CBL | A | Electronic Worker | NO | 11/2/2015 |
| 23 | 14690-273 | Belt, William | X | CBL 3 | CBL | A | Electronic Worker | NO | 11/9/2017 |
| 24 | 23591-045 | Benson, Aaron | D | CBL 4 | MACH | A | Machine Operator 1 | NO | 8/3/2015 |
| 25 | 06476-090 | Bergmann, Mark | X | CBL 4 | WELD | A | Welder | NO | 1/1/2018 |
| 26 | 09808-046 | Big Leggins, John | E | CBL 1 | CBL | A | Electronic Worker | NO | 11/18/2010 |
| 27 | 25929-045 | Blazer, Charles | D | CBL 1 | CBL | A | Electronic Worker | YES | 6/28/2016 |
| 28 | 07661-059 | Bobtail Bear, Anthony | G | CBL 5 | BAST | A | Electronic Worker | YES | 12/15/2017 |
| 29 | 58580-060 | Borowski, Matthew | N | CBL 4 | MACH | A | Administrative Clerk | | 9/5/2017 |
| 30 | 14968-041 | Bourgeois, Robin | L | CBL WH | WH | A | (WH)Shipping Receiving Clerk | NO | 4/10/2018 |
| 31 | 06746-025 | Bowlin, James | L | CBL QA | QA | A | (QA)Electronic Inspector | YES | 3/15/2018 |
| 32 | 26200-047 | Brackett, Christopher | L | CBL 2 | DAHL | A | Electronic Worker | NO | 6/5/2017 |
| 33 | 33970-086 | Bradbury, James | G | CBL 5 | BAST | A | Electronic Worker | NO | 3/1/2016 |
| 34 | 10322-073 | Brave Bird, Arvin | X | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 12/15/2017 |
| 35 | 17561-026 | Brewer, Adam | E | CBL WH | WH | A | (QA)Receiving Inspector | NO | 5/18/2015 |
| 36 | 19630-045 | Brewer, Stephen | C | CBL ADMIN | OFC | A | Administrative Clerk | NO | 11/23/2015 |
| 37 | 11953-007 | Brown, Derrick | E | CBL QA | QA | A | (QA)Electronic Inspector | YES | 8/6/2014 |
| 38 | 45936-039 | Buckner, Lawrence | G | CBL 3 | BOOT | A | Electronic Worker | YES | 10/27/2015 |
| 39 | 14087-273 | Burns, Austin | E | CBL 3 | CBL | A | Electronic Worker | NO | 12/15/2017 |

| 40 | 15606-028 | Calvert, Barry | L | CBL 1 | CBL | A | Electronic Worker | NO | 11/13/2017 |
|---|---|---|---|---|---|---|---|---|---|
| 41 | 12914-091 | Campbell, Stephen | D | CBL 5 | BAST | A | Electronic Worker | NO | 5/1/2017 |
| 42 | 13150-029 | Carlisle, Wayne | X | CBL 3 | CBL | A | Electronic Worker | NO | 10/23/2017 |
| 43 | 05949-408 | Carney, Noah | G | CBL 3 | CBL | A | Electronic Worker | NO | 2/26/2016 |
| 44 | 37339-044 | Carson, Kurt | B | CBL 1 | SINC | A | Electronic Worker | NO | 1/20/2015 |
| 45 | 89382-008 | Case, Titus | C | CBL 1 | SINC | A | Electronic Worker | NO | 5/15/2015 |
| 46 | 24350-076 | Chest, Mitchell | G | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 5/15/2017 |
| 47 | 40801-408 | Chino, Andres | L | CBL 4 | BLUSCPE | A | Shipping Checker | NO | 4/18/2017 |
| 48 | 30307-424 | Clay, Nathaniel | X | CBL WH | WH | A | Industrial Cleaner | NO | 4/17/2017 |
| 49 | 25467-044 | Cochrell, Divan | Y | CBL WH | WH | A | (WH)Stock Clerk | YES | 2/5/2008 |
| 50 | 68396-097 | Colwell, Phillip | N | CBL 2 | DAHL | A | Electronic Worker | NO | 9/13/2017 |
| 51 | 24122-001 | Cook, Glenn | E | CBL 2 | DAHL | A | Electronic Worker | NO | 3/13/2017 |
| 52 | 22151-047 | Crom, Adam | D | CBL 1 | CBL | A | Electronic Worker | NO | 6/22/2016 |
| 53 | 17759-026 | Crump, Michael | C | CBL 1 | CBL | A | Electronic Worker | YES | 4/17/2017 |
| 54 | 08889-059 | Cryderman, Erik | E | CBL 4 | TOOL | A | Tool Room Attendant | NO | 2/25/2016 |
| 55 | 17214-026 | Davis, Derrick | G | CBL 4 | BLUSCPE | A | Material Handler | YES | 6/16/2016 |
| 56 | 16151-027 | Delach, Brian | E | CBL 1 | CBL | A | Electronic Worker | NO | 4/17/2017 |
| 57 | 73886-065 | Doney, James | D | CBL 4 | MACH | A | Machine Operator 1 | NO | 10/27/2017 |
| 58 | 01972-050 | Donley, Malcom | L | CBL QA | QA | A | (QA)Electronic Inspector | NO | 8/13/2012 |
| 59 | 10186-091 | Doussett, Kyle | N | CBL 2 | DAHL | A | Electronic Worker | NO | 8/15/2016 |
| 60 | 07113-046 | Dowd, Matthew | D | CBL 3 | CBL | A | Electronic Worker | NO | 1/5/2010 |
| 61 | 76421-065 | Dunlap, Jason | X | CBL QA | QA | A | (QA)Electronic Inspector | NO | 9/7/2017 |
| 62 | 29007-001 | Dunn, Michael | F | CBL 1 | SINC | A | Electronic Worker | YES | 2/2/2015 |
| 63 | 03790-036 | Elder, Shane | X | CBL 1 | SINC | A | Electronic Worker | NO | 10/23/2017 |
| 64 | 43680-177 | Engler, Dustin | Y | CBL 1 | CBL | A | Electronic Worker | | 11/9/2017 |
| 65 | 22204-086 | Fair, David | B | CBL QA | QA | A | (QA)Electronic Inspector | YES | 10/23/2014 |
| 66 | 14284-026 | Fiore, Christopher | B | CBL 5 | P/S | A | Packing & Shipping Checker | NO | 5/4/2017 |
| 67 | 82986-180 | Fleming, Richard | C | CBL QA | QA | A | (QA)Electronic Inspector | NO | 4/16/2012 |
| 68 | 27527-045 | Florez, Joaquin | C | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | YES | 9/12/2016 |
| 69 | 12163-085 | Freeman, Kenneth | E | CBL 2 | DAHL | A | Administrative Clerk | NO | 12/6/2016 |
| 70 | 23218-045 | Freeman, Robert | X | CBL 5 | BAST | A | Electronic Worker | NO | 7/8/2014 |
| 71 | 10133-087 | Frohnhofer, Daniel | Y | CBL 2 | DAHL | A | Electronic Worker | YES | 9/12/2016 |
| 72 | 18295-041 | Fuentes, Jose | E | CBL 2 | DAHL | A | Electronic Worker | YES | 9/12/2016 |
| 73 | 15354-196 | Gandara, Hector | E | CBL WH | WH | A | (WH)Stock Clerk | YES | 10/3/2016 |
| 74 | 07547-033 | Gaston, Jason | X | CBL 5 | BAST | A | Electronic Worker | YES | 12/15/2017 |
| 75 | 11194-029 | Gerholdt, Timothy | D | CBL 2 | DAHL | A | Carpenter | NO | 9/17/2014 |
| 76 | 14834-042 | Gilliland, Brian | C | CBL 1 | CBL | A | Administrative Clerk | NO | 5/3/2017 |
| 77 | 12920-028 | Glass, Anthony | X | CBL QA | QA | A | (QA)Electronic Inspector | NO | 10/10/2017 |
| 78 | 18653-081 | Glosson, Eric | E | CBL 3 | CBL | A | Administrative Clerk | NO | 7/8/2014 |
| 79 | 14812-041 | Goodsell, David | E | CBL 1 | SINC | A | Electronic Worker | NO | 1/19/2017 |
| 80 | 12503-091 | Gould, Michael | E | CBL 3 | Pott | A | INJECT-MOLD-MACH OP | NO | 11/13/2017 |
| 81 | 21410-075 | Groboski, William | C | CBL 2 | DAHL | A | Administrative Clerk | NO | 5/27/2015 |
| 82 | 06678-380 | Groce, Peter | L | CBL 2 | DAHL | A | Electronic Worker | | 11/3/2017 |
| 83 | 27000-045 | Gustin, Charles | N | CBL 3 | POTT | A | Electronic Worker | NO | 6/19/2017 |
| 84 | 26794-047 | Hallett, Levi | N | CBL 3 | CBL | A | Electronic Worker | NO | 12/15/2017 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 85 | 14500-040 | Hamel, Louis | C | CBL 3 | MARK | A | Electronic Worker | NO | 10/27/2015 |
| 86 | 05667-033 | Hamilton, Gayle | D | CBL 1 | CBL | A | Electronic Worker | NO | 1/2/2017 |
| 87 | 23138-045 | Hammond, Adam | C | CBL 3 | POTT | A | Electronic Worker | NO | 5/27/2015 |
| 88 | 21666-047 | Hammond, Terry | N | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | NO | 11/9/2017 |
| 89 | 20857-018 | Hanson, Todd | L | CBL ADMIN | OFC | A | Administrative Clerk | YES | 4/5/2018 |
| 90 | 70045-097 | Harris, Gene | C | CBL 3 | CBL | A | Electronic Worker | NO | 5/2/2016 |
| 91 | 73363-004 | Harvey, Mark | E | CBL ADMIN | OFC | A | Administrative Clerk | NO | 4/16/2018 |
| 92 | 08924-043 | Harvey, Michael | N | CBL 2 | DAHL | A | Electronic Worker | NO | 9/22/2017 |
| 93 | 27962-045 | Hatch, Jeffrey | X | CBL 4 | MACH | A | Machine Operator 1 | NO | 9/12/2017 |
| 94 | 42424-039 | Haynes, Cory | C | CBL 1 | CBL | A | Electronic Worker | YES | 10/19/2017 |
| 95 | 28139-045 | Hays, Richard | Y | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 42843 |
| 96 | 15622-041 | Heath, Nicholas | X | CBL 2 | DAHL | A | Electronic Worker | NO | 42548 |
| 97 | 30466-160 | Heckman, Devin | N | CBL 5 | P/S | A | Material Handler | YES | 9/12/2016 |
| 98 | 12426-028 | Henderson, Curtis | D | CBL 3 | POTT | A | Electronic Worker | YES | 42425 |
| 99 | 22735-047 | Hernandez, David | C | CBL 4 | MACH | A | Machine Operator 1 | NO | 12/18/2013 |
| 100 | 41121-013 | Hill, Brandon | X | CBL 2 | DAHL | A | Electronic Worker | NO | 43018 |
| 101 | 21047-045 | Hite, Matthew | N | CBL 4 | MAINT | A | Maintenance Repair | NO | 3/15/2018 |
| 102 | 16187-023 | Hobart, Jacob | C | CBL 3 | MARK | A | Electronic Worker | NO | 43048 |
| 103 | 27873-044 | Hochthurn, Kevin | N | CBL QA | QA | A | (QA)Electronic Inspector | NO | 41626 |
| 104 | 11325-025 | Holmes, Clevis | N | CBL 5 | P/S | A | Shipping Receiving Clerk | NO | 4/17/2017 |
| 105 | 09569-030 | Howell, James | B | CBL 2 | DAHL | A | Industrial Cleaner | NO | 43048 |
| 106 | 09365-091 | Huff, Michael | B | CBL WH | WH | A | (QA)Receiving Inspector | NO | 41730 |
| 107 | 17248-018 | Iglesias, Cristian | X | CBL 1 | CBL | A | Material Handler | NO | 11/9/2017 |
| 108 | 06951-073 | Janis, Roger | L | CBL 5 | BAST | A | Electronic Worker | NO | 43147 |
| 109 | 11891-030 | Jensen, Todd | N | CBL 4 | MACH | A | Machinist | NO | 42738 |
| 110 | 73080-065 | Jessee, James | C | CBL ADMIN | OFC | A | Administrative Clerk | YES | 41884 |
| 111 | 31261-034 | Johnson, Earl | B | CBL 1 | BRAID | A | Electronic Worker | YES | 9/12/2016 |
| 112 | 69494-379 | Johnson, Isaac | X | CBL 4 | BLUSCPE | A | Material Handler | YES | 43049 |
| 113 | 12126-089 | Johnson, Jermaine | C | CBL 1 | CBL | A | Electronic Worker | NO | 42426 |
| 114 | 13716-059 | Johnson, Kurtis | N | CBL WH | WH | A | (QA)Receiving Inspector | NO | 42737 |
| 115 | 33236-044 | Jones, Lewis | C | CBL 1 | BRAID | A | Electronic Worker | NO | 41792 |
| 116 | 20118-081 | Kammeyer, James | L | CBL 5 | BAST | A | Administrative Clerk | NO | 3/13/2017 |
| 117 | 22629-075 | Kelly, Steven | X | CBL 4 | BLUSCPE | A | Machine Operator 1 | YES | 42843 |
| 118 | 58615-056 | Kimble, David | G | CBL 4 | BLUSCPE | A | Machine Operator 1 | YES | 12/15/2017 |
| 119 | 19071-424 | Kline, Huston | B | CBL 2 | DAHL | A | Electronic Worker | NO | 42492 |
| 120 | 52459-037 | Koerner, Vincent | D | CBL WH | WH | A | Administrative Clerk | YES | 7/25/2017 |
| 121 | 66797-019 | Korfhage, James | B | CBL 4 | Mach | A | Machine Operator 1 | NO | 6/5/2017 |
| 122 | 10840-091 | Lake, Jamie | D | CBL 2 | DAHL | A | Carpenter | YES | 4/17/2017 |
| 124 | 11572-025 | Lane, Brian | G | CBL 3 | CBL | A | Electronic Worker | NO | 4/3/2017 |
| 125 | 82231-208 | Laughing, Everett | G | CBL 5 | BAST | A | Electronic Worker | YES | 42858 |
| 126 | 13956-046 | Lee, Joseph | X | CBL 5 | BAST | A | Electronic Worker | NO | 11/13/2017 |
| 127 | 03806-081 | Lehi, Abe | E | CBL 5 | BAST | A | Electronic Worker | NO | 9/10/2008 |
| 128 | 14004-041 | Lemke, Dennis | G | CBL WH | WH | A | Shipping Receiving Clerk | NO | 3/4/2016 |
| 129 | 13296-026 | Lester, Edward | B | CBL 2 | DAHL | A | Electronic Worker | NO | 3/31/2015 |
| 130 | 11750-026 | Lewis, Andre | G | CBL 5 | P/S | A | Packing & Shipping Checker | | 5/1/2015 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 131 | 09955-091 | Loghry, Timothy | X | CBL 3 | Pott | A | INJECT-MOLD-MACH OP | YES | 4/17/2017 |
| 132 | 39861-180 | Lopez, Arnold | E | CBL 4 | MACH | A | Machine Operator 1 | NO | 4/17/2017 |
| 133 | 10479-028 | Loughmiller, Christopher | E | CBL 4 | MACH | A | Machinist | NO | 1/3/2017 |
| 134 | 43067-039 | Magbray, Matt | B | CBL 3 | CBL | A | Electronic Worker | YES | 11/22/2016 |
| 135 | 09349-045 | Maggard, Timothy | B | CBL 5 | BAST | A | Electronic Worker | NO | 12/18/2013 |
| 136 | 13407-025 | Mamino, Randal | X | CBL 5 | BAST | A | Electronic Worker | NO | 11/9/2017 |
| 137 | 39375-044 | Manning, Michael | D | CBL 4 | MACH | A | Administrative Clerk | NO | 2/3/2014 |
| 138 | 06845-073 | Marshall, Jacob | L | CBL 1 | SINC | A | Electronic Worker | NO | 10/28/2015 |
| 139 | 18199-026 | Marshall, William | L | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | NO | 11/13/2012 |
| 140 | 36887-044 | Martin, Michael | N | CBL QA | QA | A | (QA)Electronic Inspector | NO | 10/23/2017 |
| 141 | 55011-037 | Marzola, Robert | C | CBL 1 | SINC | A | Electronic Worker | NO | 10/28/2015 |
| 142 | 27020-076 | Mayes, Cedric | E | CBL 5 | P/S | A | Packing & Shipping Checker | NO | 8/10/2016 |
| 143 | 32536-013 | McQueen, Ronald | L | CBL 5 | BAST | A | Electronic Worker | YES | 1/14/2015 |
| 144 | 07985-033 | Melchor, Michael | L | CBL 3 | CBL | A | Electronic Worker | NO | 4/17/2017 |
| 145 | 11030-033 | Melson, Mark | X | CBL 2 | DAHL | A | Electronic Worker | NO | 4/17/2017 |
| 146 | 44848-177 | Mendoza, Richard | X | CBL 1 | CBL | A | Electronic Worker | NO | 6/5/2017 |
| 147 | 17603-035 | Michalke, Steven | C | CBL ADMIN | OFC | A | Administrative Clerk | NO | 2/29/2016 |
| 148 | 33379-380 | Miller, Berry | L | CBL WH | WH | A | Stock Clerk | NO | 7/7/2016 |
| 149 | 42116-044 | Miller, Carlton | N | CBL 4 | MACH | A | Machinist | NO | 4/1/2016 |
| 150 | 62850-097 | Mitchell, Cass | E | CBL 1 | SINC | A | Electronic Worker | NO | 5/27/2015 |
| 151 | 18631-026 | Monkman, Brad | X | CBL 1 | CBL | A | Electronic Worker | NO | 4/17/2017 |
| 152 | 04643-063 | Moon, Larry | G | CBL QA | QA | A | (QA)Electronic Inspector | NO | 1/19/2017 |
| 153 | 10965-028 | Moore, Christopher | X | CBL 1 | CBL | A | Electronic Worker | | 4/12/2018 |
| 154 | 12906-073 | Moran, Abel | X | CBL 1 | SINC | A | Electronic Worker | NO | 5/1/2015 |
| 155 | 07378-017 | Morin, Norman | D | CBL WH | WH | A | (WH)Stock Clerk | NO | 6/21/2016 |
| 156 | 05328-025 | Nesby, Larry | C | CBL 5 | BAST | A | Electronic Worker | NO | 4/1/2014 |
| 157 | 12582-073 | Never Misses a Shot, Lenford | G | CBL 4 | BLUSCPE | A | Machine Operator 1 | YES | 4/3/2017 |
| 158 | 21051-078 | Newby, Robbie | L | CBL QA | QA | A | (QA)Electronic Inspector | NO | 10/27/2015 |
| 159 | 23779-047 | Nieto, Daniel | N | CBL 1 | CBL | A | Electronic Worker | YES | 6/5/2017 |
| 160 | 44115-086 | Nipp, Blaine | N | CBL 3 | POTT | A | Electronic Worker | NO | 4/3/2012 |
| 161 | 73987-065 | Nunez, Roberto | E | CBL 1 | CBL | A | Electronic Worker | YES | 6/5/2017 |
| 162 | 12180-091 | Oates, Shan | E | CBL QA | QA | A | (QA)Electronic Inspector | NO | 6/1/2017 |
| 163 | 22927-424 | Olsen, Kyle | D | CBL 4 | MACH | A | Administrative Clerk | NO | 4/17/2017 |
| 164 | 28180-045 | Opalka, Sean | Y | CBL 3 | CBL | A | Electronic Worker | NO | 12/15/2017 |
| 165 | 14654-026 | Owens, James | F | CBL QA | QA | A | Administrative Clerk | YES | 7/2/2012 |
| 166 | 40362-044 | Pace, Demetrice | B | CBL 3 | CBL | A | Electronic Worker | YES | 10/27/2015 |
| 167 | 04188-049 | Pace, Dominic | X | CBL QA | QA | A | (QA)Electronic Inspector | NO | 9/1/2017 |
| 168 | 69592-097 | Pair, Derrick | F | CBL ADMIN | OFC | A | Administrative Clerk | YES | 6/22/2016 |
| 169 | 17630-035 | Parra, Gabriel | C | CBL QA | QA | A | (QA)Admistrative Clerk | NO | 5/18/2016 |
| 170 | 28546-171 | Patterson, Dylan | Y | CBL 3 | CBL | A | Electronic Worker | NO | 6/19/2017 |
| 171 | 74821-065 | Patton, Robert | B | CBL 2 | DAHL | A | Administrative Clerk | NO | 4/8/2016 |
| 172 | 06161-380 | Perkins, Wade | E | CBL QA | QA | A | (QA)Electronic Inspector | NO | 5/1/2015 |
| 173 | 21616-045 | Peterson, Nickalus | N | CBL QA | QA | A | (QA)Electronic Inspector | NO | 6/12/2017 |
| 174 | 11514-025 | Phillips, Jeremey | G | CBL 3 | CBL | A | Electronic Worker | YES | 11/16/2016 |
| 175 | 44431-074 | Pierce, Ronald | E | CBL 5 | BAST | A | Electronic Worker | YES | 5/2/2016 |

| # | ID | Name | | Dept | Code | | Job Title | | Date |
|---|------|------|---|---------|--------|---|-------------------------|-----|------------|
| 176 | 09966-010 | Pilcher, Robert | X | CBL 5 | CBL | A | Electronic Worker | YES | 11/9/2017 |
| 177 | 37338-044 | Plain, Bobby | E | CBL 5 | BAST | A | Electronic Worker | NO | 5/2/2016 |
| 178 | 32575-044 | Powers, David | N | CBL 4 | TOOL | A | Tool Room Attendant | NO | 12/11/2012 |
| 179 | 27317-076 | Pruitt, Jonathan | E | CBL 2 | DAHL | A | Administrative Clerk | NO | 3/1/2017 |
| 180 | 19830-045 | Pulliam, Joseph | B | CBL 5 | BAST | A | Electronic Worker | NO | 2/21/2017 |
| 181 | 38676-013 | Raines, Steven | B | CBL 4 | MACH | A | Machine Operator 1 | NO | 3/21/2018 |
| 182 | 26695-001 | Raper, Brannon | B | CBL 1 | MAINT | A | Maintenance Repair | NO | 2/25/2016 |
| 183 | 10846-046 | Red Star, Arvin | N | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 6/5/2017 |
| 184 | 25673-177 | Reedy, Thomas | G | CBL 5 | BAST | A | Administrative Clerk | NO | 7/2/2012 |
| 185 | 83534-054 | Repanti, James | D | CBL 3 | Pott | A | INJECT-MOLD-MACH OP | YES | 4/18/2017 |
| 186 | 15025-064 | Rhodes, Jimmy | G | CBL 1 | CBL | A | Electronic Worker | NO | 11/5/2007 |
| 187 | 40909-044 | Rice, Shatondi | E | CBL 1 | T/P | A | Electronic Worker | NO | 9/12/2016 |
| 188 | 13932-029 | Rickels, Colton | D | CBL QA | QA | A | (QA)Electronic Inspector | NO | 11/9/2017 |
| 189 | 18991-075 | Rickman, David | B | CBL QA | QA | A | (QA)Electronic Inspector | NO | 12/1/2014 |
| 190 | 48129-280 | Riley, Thelton | D | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | NO | 11/1/2016 |
| 191 | 17663-026 | Robertson, Clark | D | CBL 5 | BAST | A | Electronic Worker | NO | 3/23/2015 |
| 192 | 23070-045 | Robertson, Joseph | C | CBL 3 | CBL | A | Electronic Worker | NO | 5/4/2017 |
| 193 | 12693-026 | Robinson, Gregory | X | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 11/13/2017 |
| 194 | 11340-045 | Robinson, James | G | CBL QA | QA | A | (QA)Electronic Inspector | NO | 5/2/2016 |
| 195 | 58645-060 | Robinson, James | B | CBL 5 | BAST | A | Electronic Worker | YES | 9/12/2016 |
| 196 | 15980-033 | Rodriguez, Daniel | B | CBL 5 | CBL | A | Electronic Worker | NO | 11/1/2016 |
| 197 | 31076-013 | Rogers, Jan | B | CBL ADMIN | OFC | A | Administrative Clerk | YES | 5/1/2015 |
| 198 | 35158-044 | Rowan, William | L | CBL ADMIN | OFC | A | Procurement Clerk | NO | 10/14/2014 |
| 199 | 44271-061 | Russell, Ruben | E | CBL 3 | CBL | A | Electronic Worker | YES | 1/19/2017 |
| 200 | 62757-280 | Salazar, Sammy | E | CBL 2 | DAHL | A | Electronic Worker | YES | 5/3/2017 |
| 201 | 69536-061 | Schantz, Tim | F | CBL 5 | BAST | A | Electronic Worker | YES | 9/12/2016 |
| 202 | 16943-041 | Schoenborn, Avery | N | CBL 3 | CBL | A | Electronic Worker | YES | 10/23/2017 |
| 203 | 65648-112 | Schrader, Robert | E | CBL 2 | DAHL | A | Electronic Worker | NO | 6/5/2017 |
| 204 | 42916-018 | Schweikert, Scott | E | CBL QA | QA | A | Administrative Clerk | NO | 4/18/2017 |
| 205 | 18523-040 | Scott, Shane | B | CBL 2 | DAHL | A | Electronic Worker | NO | 5/4/2017 |
| 206 | 17217-026 | Seiver, Ronald | X | CBL WH | WH | A | (WH)Stock Clerk | NO | 6/21/2016 |
| 207 | 61560-053 | Shannon, Jayme | X | CBL QA | QA | A | (QA)Electronic Inspector | NO | 7/5/2016 |
| 208 | 71885-097 | Shepherd, Ralph | C | CBL QA | QA | A | (QA)Electronic Inspector | NO | 1/19/2017 |
| 209 | 24828-045 | Shepherd, Robert | E | CBL 5 | P/S | A | Shipping Receiving Clerk | NO | 12/14/2016 |
| 210 | 10067-029 | Shuler, John | E | CBL 4 | MAINT | A | Maintenance Repair | NO | 6/1/2015 |
| 211 | 26673-078 | Sides, Robert | L | CBL 2 | DAHL | A | Electronic Worker | NO | 2/13/2018 |
| 212 | 37178-044 | Simmons, Dickie | G | CBL QA | QA | A | (QA)Electronic Inspector | NO | 6/2/2014 |
| 213 | 25179-112 | Skannell, Tony | C | CBL 5 | BAST | A | Electronic Worker | NO | 9/8/2008 |
| 214 | 11172-027 | Slavey, Jason | N | CBL WH | WH | A | (QA)Receiving Inspector | NO | 5/5/2015 |
| 215 | 38769-044 | Slinkard, Gregory | D | CBL WH | WH | A | (WH)Stock Clerk | NO | 11/3/2014 |
| 216 | 18475-026 | Smith, Michael | Y | CBL 2 | DAHL | A | Electronic Worker | NO | 1/19/2017 |
| 217 | 02256-000 | Smith, Steven | G | CBL 2 | CBL | A | Electronic Worker | YES | 9/12/2016 |
| 218 | 17707-081 | Snowball, Steven | E | CBL 4 | MACH | A | Machine Operator 1 | YES | 11/9/2017 |
| 219 | 31767-051 | Springer, Steven | E | CBL 5 | BAST | A | Electronic Worker | NO | 11/18/2010 |
| 220 | 12078-042 | Stacks, Michael | C | CBL 3 | CBL | A | Electronic Worker | NO | 4/17/2017 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 221 | 33256-068 | Stafford, Eric | N | CBL 1 | CBL | A | Material Handler | NO | 11/14/2017 |
| 222 | 42408-044 | Steinmeyer, Sean | Y | CBL 2 | DAHL | A | Electronic Worker | YES | 9/13/2017 |
| 223 | 11637-273 | Stevens, Shawn | C | CBL 4 | MACH | A | Machine Operator 1 | NO | 1/14/2015 |
| 224 | 22687-045 | Stringer, Timothy | L | CBL 4 | WELD | A | Welder | NO | 1/30/2017 |
| 225 | 17013-026 | Sudduth, Jonathan | C | CBL 3 | MARK | A | Electronic Worker | NO | 3/7/2016 |
| 226 | 72484-065 | Sundsmo, Terrence | F | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 4/3/2017 |
| 227 | 13540-030 | Sutton, Ray | C | CBL 2 | DAHL | A | Electronic Worker | NO | 8/1/2016 |
| 228 | 12906-028 | Taber, Steven | C | CBL 4 | MACH | A | Machinist | NO | 11/7/2016 |
| 229 | 08877-041 | Tarnow, Douglas | E | CBL 2 | DAHL | A | Electronic Worker | NO | 4/3/2017 |
| 230 | 21905-026 | Tate, Joseph | L | CBL 5 | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 231 | 04633-089 | Taylor, Anthony | G | CBL 4 | Mach | A | Machine Operator 1 | YES | 4/17/2017 |
| 232 | 19758-424 | Thurmond, Reginald | X | CBL 1 | SINC | A | Electronic Worker | YES | 10/29/2015 |
| 233 | 76059-004 | Todd, Charles | X | CBL 1 | CBL | A | Electronic Worker | NO | 11/13/2017 |
| 234 | 02397-082 | Towne, Edwin | B | CBL QA | QA | A | (QA)Electronic Inspector | NO | 5/1/2014 |
| 235 | 13379-040 | Umphryes, Larry | N | CBL 3 | CBL | A | (QA)Electronic Inspector | NO | 10/10/2017 |
| 236 | 79746-158 | Underwood, Gerald | D | CBL 1 | BRAID | A | Electronic Worker | NO | 12/18/2013 |
| 237 | 11139-059 | Utvick, Ryan | D | CBL 3 | CBL | A | Electronic Worker | NO | 6/20/2016 |
| 238 | 13503-089 | Valdez, Joseph | C | CBL QA | QA | A | (QA)Electronic Inspector | NO | 4/17/2017 |
| 239 | 10550-104 | Van Deurzen, Martin | X | CBL 3 | CBL | A | Electronic Worker | NO | 9/12/2017 |
| 240 | 41206-408 | Van Dyck, Ryan | N | CBL QA | QA | A | (QA)Electronic Inspector | NO | 9/13/2017 |
| 241 | 12479-029 | VanCannon, Troy | N | CBL 4 | Mach | A | Machine Operator 1 | YES | 4/17/2017 |
| 242 | 10499-033 | Veach, Holland | F | CBL 2 | DAHL | A | Electronic Worker | NO | 11/15/2016 |
| 243 | 02451-424 | Veysada, Michael | G | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | NO | 2/29/2016 |
| 244 | 11000-273 | Villarreal, Leo | X | CBL 2 | DAHL | A | Electronic Worker | YES | 11/9/2017 |
| 245 | 17382-045 | Waithe, Nolan | C | CBL 1 | SINC | A | Electronic Worker | NO | 4/12/2016 |
| 246 | 13482-025 | Walker, Brandon | L | CBL 5 | BAST | A | Electronic Worker | YES | 12/15/2017 |
| 247 | 40002-044 | Wallace, James | D | CBL 5 | BAST | A | Electronic Worker | YES | 10/19/2015 |
| 248 | 10329-059 | Wallette, John | D | CBL 5 | P/S | A | Packing & Shipping Checker | NO | 10/10/2017 |
| 249 | 34487-044 | Warren, Ken | L | CBL 5 | BAST | A | Industrial Cleaner | NO | 12/15/2017 |
| 250 | 29202-045 | Webb, Conner | X | CBL WH | WH | A | Administrative Clerk | NO | 10/10/2017 |
| 251 | 10444-089 | Welch, Eric | B | CBL ADMIN | OFC | A | Administrative Clerk | NO | 5/16/2011 |
| 252 | 04533-122 | West, Derek | N | CBL 3 | POTT | A | INJECT-MOLD-MACH OP | NO | 4/17/2017 |
| 253 | 27306-076 | White, Christopher | B | CBL 5 | P/S | A | Packing & Shipping Checker | YES | 1/19/2017 |
| 254 | 04550-041 | White, Joseph | C | CBL 5 | BAST | A | Electronic Worker | NO | 6/3/2014 |
| 255 | 10568-046 | Wiles, David | F | CBL 1 | CBL | A | Electronic Worker | NO | 6/5/2017 |
| 256 | 09487-062 | Williams, Buddy | G | CBL 1 | CBL | A | Electronic Worker | NO | 1/6/2015 |
| 257 | 04256-025 | Williams, James | B | CBL 2 | CHEM RM | A | Material Handler | NO | 10/21/2010 |
| 258 | 26890-076 | Williams, Patrick | Y | CBL 4 | MAINT | A | Maintenance Repair | YES | 4/17/2017 |
| 259 | 29034-408 | Williams, Sonnett | C | CBL 5 | BAST | A | Electronic Worker | NO | 4/7/2017 |
| 260 | 12216-049 | Wilson, Scott | B | CBL QA | QA | A | Administrative Clerk | NO | 10/5/2017 |
| 261 | 41001-074 | Windham, Jason | G | CBL ADMIN | OFC | A | Administrative Clerk | NO | 4/15/2008 |
| 262 | 22491-050 | Wolinsky, Samuel | B | CBL ADMIN | OFC | A | Administrative Clerk | NO | 9/26/2016 |
| 263 | 26175-076 | Wood, Edward | D | CBL WH | WH | A | (WH)Stock Clerk | YES | 8/29/2016 |
| 264 | 17488-081 | Woods, Jimmy | L | CBL ADMIN | OFC | A | Administrative Clerk | YES | 10/14/2015 |
| 265 | 69834-097 | Wymer, Jason | L | CBL WH | WH | A | (WH)Stock Clerk | NO | 4/17/2017 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 266 | 18726-076 | Wynn, Charles | B | CBL 4 | BLUSCPE | A | Machine Operator 1 | NO | 6/2/2014 |
| 267 | 08724-045 | Wyrick, Keven | E | CBL 5 | BAST | A | Electronic Worker | NO | 5/3/2017 |
| 268 | 68243-097 | Yang, Neng | E | CBL 2 | DAHL | A | Electronic Worker | NO | 2/9/2015 |
| 269 | 17676-035 | Yellets, Johnathan | L | CBL 2 | DAHL | A | Electronic Worker | NO | 4/17/2017 |
| 270 | 09941-025 | Zweigart, Steven | B | CBL 3 | CBL | A | Electronic Worker | NO | 1/6/2015 |
| 271 | 18595-040 | Briggs, Stanley | N | CBL 1 AM | CBL | A | Electronic Worker | NO | 12/15/2017 |
| 272 | 42873-061 | Carroll, Billy | C | CBL 2 AM | DAHL | A | Electronic Worker | NO | 10/10/2017 |
| 273 | 15489-026 | Dawson, Ammeron | X | CBL 5 AM | P/S | A | Packing & Shipping Checker | YES | 12/15/2017 |
| 274 | 52166-074 | Dews, Rickey | L | CBL 1 AM | CBL | A | Electronic Worker | NO | 12/15/2017 |
| 275 | 11359-046 | Flor, Justin | N | CBL 3 AM | CBL | A | Electronic Worker | NO | 11/13/2017 |
| 276 | 15571-180 | Foster, Sammy | D | CBL 1 AM | CBL | A | Electronic Worker | YES | 3/3/2014 |
| 277 | 50043-177 | Gamez, Marcos | D | CBL 1 AM | CBL | A | Electronic Worker | NO | 11/14/2017 |
| 278 | 16427-091 | Headley, Gerald | N | CBL 5 AM | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 279 | 26412-076 | Holder, Odell | X | CBL 2 AM | DAHL | A | Electronic Worker | YES | 10/23/2017 |
| 280 | 10097-025 | Horton, Christopher | X | CBL 2 AM | DAHL | A | Electronic Worker | NO | 11/13/2017 |
| 281 | 16147-040 | Hunter, Jay | E | CBL 1 AM | CBL | A | Electronic Worker | NO | 10/23/2017 |
| 282 | 67100-066 | Knappenberger, Robert | X | CBL 1 AM | CBL | A | Electronic Worker | NO | 10/23/2017 |
| 283 | 11011-059 | Koch, Matthew | B | CBL 1 AM | CBL | A | Electronic Worker | NO | 9/7/2017 |
| 284 | 13234-046 | Laforge, James | L | CBL 1 AM | CBL | A | Electronic Worker | YES | 12/15/2017 |
| 285 | 26962-076 | Lester, Courtney | D | CBL 3 AM | CBL | A | Electronic Worker | NO | 10/23/2017 |
| 286 | 31826-045 | Lucas, Michael | N | CBL 2 AM | DAHL | A | Electronic Worker | NO | 3/5/2018 |
| 287 | 21779-026 | Marmy, Christopher | N | CBL 3 AM | CBL | A | Electronic Worker | YES | 12/15/2017 |
| 288 | 27305-045 | Penn, Edward | L | CBL 1 AM | CBL | A | Electronic Worker | NO | 11/13/2017 |
| 289 | 10030-025 | Plunkett, Jamar | C | CBL 3 AM | CBL | A | Electronic Worker | NO | 11/13/2017 |
| 290 | 07371-025 | Riley, Randy | C | CBL 1 AM | CBL | A | Electronic Worker | NO | 4/17/2017 |
| 291 | 89568-308 | Shirley, Anthony | L | CBL 1 AM | CBL | A | Electronic Worker | | 9/7/2017 |
| 292 | 09033-059 | Spotted Tail, Calvin | L | CBL 5 AM | BAST | A | Electronic Worker | YES | 12/15/2017 |
| 293 | 46163-044 | Tate, Rosevelt | N | CBL 2 AM | DAHL | A | Electronic Worker | NO | 11/13/2017 |
| 294 | 30551-058 | Teague, Eric | N | CBL 3 AM | CBL | A | Electronic Worker | NO | 12/15/2017 |
| 295 | 13734-029 | Thomas, Aaron | D | CBL 2 AM | DAHL | A | Electronic Worker | YES | 11/21/2017 |
| 297 | 13624-089 | Ward, Dalquavis | N | CBL 2 AM | DAHL | A | Electronic Worker | YES | 12/15/2017 |
| 298 | 72404-061 | Watrous, Randy | N | CBL 1 AM | CBL | A | Electronic Worker | YES | 11/13/2017 |
| 299 | 46668-044 | Way, Everett | L | CBL 5 AM | BAST | A | Electronic Worker | NO | 10/10/2017 |
| 300 | 02967-041 | Whitefeather, Randall | N | CBL 3 AM | POTT | A | INJECT-MOLD-MACH OP | NO | 10/23/2017 |
| 301 | 12347-027 | Young, Daniel | E | CBL 5 AM | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 302 | 40198-424 | Allen, William | X | CBL 2 PM | DAHL | A | Electronic Worker | NO | 11/13/2017 |
| 303 | 25101-075 | Bell, Dwayne | Y | CBL 5 PM | BAST | A | Electronic Worker | YES | 10/23/2017 |
| 304 | 60527-112 | Bell, Tracy | Y | CBL 5 PM | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 305 | 13599-089 | Coney, Antwon | Y | CBL 4 PM | BLUSCPE | A | Machine Operator 1 | NO | 10/23/2017 |
| 306 | 14366-045 | Curtis, Ronnie | F | CBL ADMIN PM | OFC | A | Administrative Clerk | NO | 9/7/2017 |
| 307 | 29567-047 | Denney, Dalton | X | CBL 4 PM | BLUSCPE | A | Machine Operator-JS | YES | 12/15/2017 |
| 308 | 17652-081 | Fox, Ryan | C | CBL 2 PM | DAHL | A | Electronic Worker | NO | 10/2/2017 |
| 309 | 07456-025 | Gammon, Bradley | L | CBL 3 PM | CBL | A | Electronic Worker | YES | 11/13/2017 |
| 310 | 13865-045 | Gates, Dwan | F | CBL 1 PM | CBL | A | Electronic Worker | | 10/10/2017 |
| 311 | 05564-000 | Haggins, Joshua | F | CBL 1 PM | CBL | A | Electronic Worker | NO | 11/14/2017 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 312 | 09774-025 | Hanson, Bryan | Y | CBL 3 PM | CBL | A | Electronic Worker | YES | 12/15/2017 |
| 313 | 17544-111 | Harrah, Anthony | F | CBL 5 PM | BAST | A | Electronic Worker | NO | 5/4/2017 |
| 314 | 40447-051 | Jojola, Antonio | E | CBL 2 PM | DAHL | A | Electronic Worker | NO | 9/7/2017 |
| 315 | 47074-424 | Liles, Gerald | Y | CBL 4 PM | BLUSCPE | A | Machine Operator-JS | NO | 12/15/2017 |
| 316 | 13456-030 | Long, Nathan | X | CBL 2 PM | DAHL | A | Electronic Worker | NO | 11/13/2017 |
| 317 | 42141-044 | Malone, Seth | F | CBL 5 PM | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 318 | 10492-089 | McCord, Patrick | C | CBL 1 PM | MAINT | A | Maintenance Repair | | 3/15/2018 |
| 319 | 12445-041 | Meister, Douglas | F | CBL 5 PM | BAST | A | Electronic Worker | NO | 10/23/2017 |
| 320 | 45818-044 | Mottley, Ronald | Y | CBL 2 PM | DAHL | A | Electronic Worker | YES | 10/23/2017 |
| 321 | 24351-057 | Pharr, Dabiam | Y | CBL 1 PM | CBL | A | Electronic Worker | YES | 4/18/2017 |
| 322 | 16116-045 | Ransom, Taori | F | CBL 1 PM | SINC | A | Electronic Worker | YES | 9/12/2016 |
| 323 | 02582-007 | Shaw, Corey | Y | CBL 5 PM | BAST | A | Industrial Cleaner | YES | 12/15/2017 |
| 324 | 11557-007 | Simms, Joseph | F | CBL 1 PM | BRAID | A | Electronic Worker | YES | 6/5/2017 |
| 325 | 09963-059 | Smith, Peter | L | CBL 2 PM | DAHL | A | Electronic Worker | NO | 10/10/2017 |
| 326 | 11914-085 | Stahl, Jesse | F | CBL 4 PM | BLUSCPE | A | Machine Operator-JS | NO | 12/15/2017 |
| 327 | 11483-010 | Sylva, Wesley | Y | CBL 5 PM | BAST | A | Electronic Worker | NO | 12/15/2017 |
| 328 | 14810-026 | Taylor, Eddie | Y | CBL 1 PM | BRAID | A | Electronic Worker | YES | 10/10/2017 |
| 329 | 27830-045 | Whittle, Christopher | Y | CBL 4 PM | MACH | A | Machine Operator 1 | NO | 11/14/2017 |
| 333 | 18198-041 | Brown, Johnny | L | FPITRAINAM | BLUSCPE | A | Machine Operator 1 | YES | 4/27/2018 |
| 334 | 52337-424 | Collins, Stephan | X | FPITRAINAM | BLUSCPE | A | Machine Operator 1 | YES | 4/27/2018 |
| 335 | 00244-000 | Fields, Leon | L | FPITRAINAM | BLUSCPE | A | Machine Operator 1 | NO | 4/27/2018 |
| 336 | 72512-061 | Griffin, Vincent | G | FPITRAINAM | BLUSCPE | A | Machine Operator 1 | NO | 4/27/2018 |
| 337 | 25207-047 | Hughes, Quincy | N | FPITRAINAM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 338 | 11213-025 | Mayo, George | L | FPITRAINAM | BLUSCPE | A | Machine operator 1 | YES | 4/27/2018 |
| 339 | 14995-041 | Roberts, Corey | X | FPITRAINAM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 340 | 18617-424 | Skinner, Robert | G | FPITRAINAM | P/S | A | Shipping Receiving Clerk | NO | 4/27/2018 |
| 341 | 10507-025 | Warren, Antwyne | L | FPITRAINAM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 342 | 42686-039 | Armstrong, Frank | N | FPITRAINPM | CBL | A | Electronic Worker | NO | 4/27/2018 |
| 343 | 06979-027 | Coverson, Reginald | Y | FPITRAINPM | BLUSCPE | A | Machine Operator 1 | NO | 4/27/2018 |
| 344 | 13155-030 | Emmert, David | B | FPITRAINPM | BLUSCPE | A | Machine Operator 1 | NO | 4/27/2018 |
| 345 | 40159-424 | Matthews, Damand | Y | FPITRAINPM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 346 | 16042-089 | Nahquaddy, Woody | Y | FPITRAINPM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 347 | 07857-028 | Patton, Jack | X | FPITRAINPM | CBL | A | Electronic Worker | NO | 4/27/2018 |
| 348 | 18432-112 | Raffaelli, LeRoy | L | FPITRAINPM | MACH | A | Machinist | NO | 4/27/2018 |
| 349 | 15421-033 | Trumbo, Tony | N | FPITRAINPM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |
| 350 | 68454-097 | Valdez, Timothy | G | FPITRAINPM | BLUSCPE | A | Machine operator 1 | NO | 4/27/2018 |





MAIL CLEARED
US MARSHALS

<-- 15025-064 -->
United States Dist Court
Southern Dist of Illinois
Office of the Clerk
750 Missouri Avenue
E Saint Louis, IL 62201
United States

Jimmy Rhodes #15025-064
United States Penitentiary
P.O. Box 1000
Marion, IL 62959



RECEIVED

JAN 1 6 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

