IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMY E. RHODES, all persons who are or will be working at UNICOR MARION-USP, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-50-JPG |
| vs. | ) ) ) | |
| USA, ASSOCIATE WARDEN OF OPERATIONS – USP MARION, WILLIAM TRUE, and HUGH J. HURWITZ, | ) ) ) ) ) | |
| Defendants. | | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jimmy E. Rhodes, an inmate of the United States Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary Marion ("USP Marion"), brings this action for deprivations of his rights pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and the First and Eighth Amendments by way of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that the cable factory at USP Marion's UNICOR facility lacks adequate toilets.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Plaintiff makes the following allegations: Plaintiff works in the UNICOR-FPI Marion Cable Factory. (Doc. 1, p. 3). Plaintiff alleges that there are not enough toilets for the number of employees in the factory. (*Id*.). In November 2017, there were 352 employees and now that number exceeds 400. According to Plaintiff, the facility only has eleven toilets total (including toilets and urinals) when it should have thirteen to meet the number of employees working. (*Id*. at p. 3-4). As a result of the inadequate number of toilets, the lines for the bathroom are up to thirty minutes long. (*Id*. at p. 4). Plaintiff defecated on himself waiting in line and he has seen other inmates defecate into plastic bags and throw the feces away rather than wait in line for a toilet. (*Id*. at pp. 4, 10). While the prison has increased the number of toilets after complaints from workers, Plaintiff alleges that Warden True's efforts were inadequate as he failed to install the proper amount of toilets for the number of employees. (*Id*. at pp. 4, 6, 16). Plaintiff bases this assessment on OSHA regulations setting forth the number of toilets required per employee. (*Id*. at p. 3).

Plaintiff complained to Warden True about the lack of toilets in an administrative remedy (Doc. 1, p. 30). In response to the administrative remedy, Warden True informed Plaintiff that the prison planned to install additional toilets, that plumbing materials had been ordered, and work would begin once the materials arrived. (*Id*. at p. 36). Plaintiff acknowledges that additional toilets and urinals were added. (*Id*. at p. 4).

Plaintiff also alleges that in retaliation for filing a grievance related to the toilet issue, Warden True refused to respond to his grievance in a timely fashion (Doc. 1, p. 36), causing

2

Plaintiff to submit his additional requests to the Region and Central office without the Warden's response. (Doc. 1, p. 17, 37). Those administrative remedies were rejected for failing to have the Warden's response. (Doc. 1, pp. 17, 38). Plaintiff seeks class action status as to his condition of confinement and retaliation claim, but not the FTCA claim. (*Id*. at p. 9).

## Preliminary Dismissals

While Plaintiff identifies Hugh Hurwitz, the director of the Bureau of Prisons, in the caption of his Complaint, Plaintiff fails to include any allegations against Hurwitz. The United States is the only proper defendant to an FTCA case, *see* 28 U.S.C. § 2679(b), and Plaintiff does not allege any involvement by Hurwitz as to his conditions of confinement or retaliation claims. Thus, Hugh Hurwitz is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Nor has Plaintiff alleged that the Associate Warden of Operations violated any of Plaintiff's constitutional rights. Plaintiff only states that Associate Warden Powers refused to provide him with any additional administrative remedies because he was not an authorized correctional counselor, but he does not allege that he participated in the retaliation or made any decisions regarding the conditions of confinement Plaintiff experienced at Marion. As such, Associate Warden of Operations is also **DIMISSED without prejudice** for failure to state a claim.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** FTCA against the United States for failing to provide an adequate number of toilets to the inmates in the UNICOR program at USP Marion.

>    **Count 2:** Eighth Amendment conditions of confinement claim against William True for not providing enough toilets to the inmates in the UNICOR program at USP Marion.
>
>    **Count 3:** First Amendment retaliation claim against William True for failing to timely respond to Plaintiff's grievance.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Count 1

The Federal Tort Claims Act ("FTCA") authorizes claims for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any government employee who was acting within the scope of his or her employment at the time. 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The United States is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(b)(1); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

In Illinois, a plaintiff bringing a negligence claim must show 1) a duty of care owed by the defendants; 2) a breach of that duty; 3) an injury; and 4) proximate cause. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). Plaintiff alleges that the BOP has a statutory duty to "provide suitable quarters". *See* 18 U.S.C. § 4042(a). Plaintiff also alleges that Warden True was negligent

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

in not providing additional toilets and urinals for the UNICOR inmates. The allegations, thus, support an FTCA claim and Count 1 will proceed against the United States.

**Count 2**

As to Plaintiff's Eighth Amendment conditions of confinement claim against Warden True, the Court finds that Plaintiff has failed to state a claim. The Eighth Amendment requires a minimum standard for treatment of prisoners including that prisoners are provided with humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). Inmates must be provided with "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. (citations omitted). In order to succeed on a claim for inhumane conditions of confinement, an inmate must establish: (1) that he was housed under conditions that were "'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'", and (2) the defendant was deliberately indifferent to that risk. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). In order to prove deliberate indifferent, the plaintiff must show that the officials actually knew of the condition but refused to take reasonable steps to resolve it. *Townsend*, 522 F.3d at 773; *Grieveson*, 538 F.3d at 775.

Here, Plaintiff has failed to allege that Warden True acted with deliberate indifference. In response to Plaintiff's administrative remedy, Warden True informed Plaintiff that plans were in place to install additional toilets. (Doc. 1, p. 35). Plaintiff acknowledges that additional toilets were installed after he filed his administrative remedy. (*Id*. at p. 4). While Plaintiff alleges that Warden True's response "proved wholly inadequate" because he "missed the requested mark" that

Plaintiff had set, the allegations do not support a claim that Warden True refused to take reasonable steps to resolve the issue. *Townsend*, 522 F.3d at 773; *Grieveson*, 538 F.3d at 775. Plaintiff's allegations, at best, establish that Warden True was negligent in his installation of the additional toilets because he did not add enough toilets for the number of employees in the UNICOR facility. Negligence, however, does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir.1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Accordingly, Count 2 is **DISMISSED without prejudice**.

## Count 3

As to Plaintiff's First Amendment retaliation claim, Plaintiff cannot bring these type of claims against federal officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) in light of the Supreme Court's recent decision in *Ziglar v. Abbasi*, --U.S.--, 137 S.Ct. 1843 (2017). *Ziglar* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397, 91 S.Ct. 1999 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green*, 46 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment deliberate indifference to medical needs). The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. Plaintiff's First Amendment claim does not fit under any of the three scenarios recognized by *Bivens*. Further, the Supreme Court has stated the "[w]e have never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012). This Court has also recently declined to extend *Bivens* to First Amendment claims. *Borowski v. Baird*, Case No.

16-cv-848-JPG, 2018 WL 6583976 (S.D. Ill. Dec. 14, 2018); *White v. Inch*, Case No. 17-cv-1059-JPG, 2018 WL 6584899 (S.D. Ill. Dec. 14, 2018). In fact, "[n]ationwide, district courts seem to be in agreement that, post-*Abassi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at * 3 (S.D. Ind. July 25, 2018).

Nor are there any "special factors" in this case that would urge expanding *Bivens* here. These include questions like "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damage action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Ziglar*, 137 S.Ct. at 1858. As with other cases where this Court has declined to extend *Bivens*, Plaintiff has alternative avenues to obtain relief, he can go through the Bureau of Prison's administrative remedies program, as demonstrated by the administrative remedies attached to his Complaint. *See Borowski*, 2018 Wl 6583976, at *2; *White*, 2018 WL 6584899, at * 2. "Post-*Abassi*, numerous courts, including the Ninth Circuit Court of Appeals, have declined to extend *Bivens* actions to a prisoner's First Amendment and Fifth Amendment (due process) claims because the plaintiff had available alternative remedies." *Harris*, 2018 WL 3574736, at *3 (citing *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018)). Consistent with the Court's previous rulings, the Court declines to extend *Bivens* to Plaintiff's retaliation claim. Thus, Count 3 is **DISMISSED with prejudice**.

### Class Action

Plaintiff's indicates in his Complaint that he seeks certification of a class action for his *Bivens* claims only. (Doc. 1, p. 9). As those claims are dismissed, his request for class action certification is **MOOT**.

**Disposition**

**IT IS SO ORDERED** that Count 1 shall proceed against the United States.

**IT IS ALSO ORDERED** that Count 2 against Warden True is **DISMISSED without prejudice** and Count 3 against Warden True is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate Warden True from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. The Associate Warden of Operations and Hugh Hurwitz are also **DISMISSED without prejudice** and the Clerk is **DIRECTED** to terminate them from CM/ECF.

Although Plaintiff has paid his full filing fee, the Court will order service of the Defendant at the Government's expense. The Court **DIRECTS** the Clerk of Court to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the Office of the United States Attorney for the Southern District of Illinois a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order, and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the Summons, the Complaint (Doc. 1), and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the U.S. Attorney. Any paper received by a district judge or a magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/10/2019**

s/J. Phil Gilbert
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions,

to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**