IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY E. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-50-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Defendant's motion to dismiss (Doc. 15). Plaintiff has filed a response (Doc. 17) in opposition to the motion. Defendant has filed a reply (Doc. 20). Plaintiff, without leave of Court, filed a sur-reply (Doc. 21). Defendant has filed a motion to strike the sur-reply (Doc. 22) and Plaintiff has filed a response (Doc. 23) to that motion.

### BACKGROUND

This matter arose while Plaintiff was housed at the United States Penitentiary in Marion, Illinois ("USP Marion"). Plaintiff alleges in his Complaint that he works in UNICOR's Cable Factory at USP Marion and that there are not enough toilets to accommodate the number of employees at the facility. (Doc. 10, p. 2). Plaintiff alleges that there are only eleven toilets when OSHA regulations dictate that there should be thirteen. As a result of the limited toilets in the work facility, Plaintiff has defecated on himself while waiting in long lines for the bathroom. (*Id*.). Plaintiff's sole claim is a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Defendant argues that Plaintiff's Complaint should be

1

dismissed because Plaintiff's sole remedy for his injuries are found under the Inmate Accident Compensation Act ("IACA"). 18 U.S.C. § 4126, 28 C.F.R. 301.101, *et seq*.

## MOTION TO DISMISS STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

## ANALYSIS

### A. Motion to Strike Plaintiff's Sur-Reply

Plaintiff filed a reply (Doc. 21) to Defendant's reply brief (Doc. 20). The Court's Local Rules clearly state that sur-reply briefs will not be accepted "[u]nder [any] circumstances." SDIL Local Rule 7.1(c). Although Plaintiff argues that he needed to respond to Defendant's reply in

order to take issue with errors and omissions in the brief, his subsequent reply constitutes a sur-reply which is not allowed by this Court. Nor does the Court find any errors and omissions in Defendant's reply brief as Plaintiff suggests. Accordingly, Defendant's motion is **GRANTED** and Plaintiff's sur-reply (Doc. 21) is **STRICKEN** from the record.

### B. IACA

The IACA is the exclusive remedy for inmates injured while working for the federal prison. *United States v. Demko*, 385 U.S. 149, 152-54 (1966); 28 C.F.R. §301.319. The parties dispute whether Plaintiff's injuries fall within the purview of the IACA. Defendant argues that Plaintiff's injuries are "work-related" while Plaintiff argues that his injuries occurred while he was on a break and in the bathroom outside of the work area. "[T]he term work-related injury…include[s] any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. §301.102(a). This Court has previously noted that an injury is "work-related" when there is "some nexus between the injury and the work itself beyond just the time and place of the injury." *Reynolds v. United States*, Case No. 15-cv-262-JPG, 2019 WL 2353486, at * 3 (S.D. Ill. June 6, 2019) (finding that claim involving an inmate assaulted by another inmate while on a work break was not barred by the IACA).

In this case, Plaintiff alleges that he defecated on himself because UNICOR's facility did not have enough toilets for the number of inmates working. As Defendant points out, it is the conditions of the workplace, the lack of an adequate number of toilets, that led to Plaintiff's injury. Other Court shave similarly found that injuries sustained from the conditions of the workplace were covered by the IACA. *Mays v. United States*, 567 F. App'x. 81, 82 (3rd Cir. 2014) (inmate's injury sustained while slipping and falling on a wet floor barred by IACA even though it occurred while on break); *Rivera v. Gupta*, 836 F.3d 839, 840 (7th Cir. 2016) (noting that FTCA claim for

3

inmate slipping and falling on wet floor was properly dismissed as barred by IACA); *Wooten v. United States*, 437 F.2d 79, 80 (5th Cir. 1971) (inmate injured by a malfunctioning elevator in the prison industries building). Although Plaintiff argues that the IACA does not provide compensation for injuries suffered outside of the work location, including going to or leaving work or going or coming from lunch outside of the work station, Plaintiff's injuries occurred in the work location. *See Mays*, 587 F. App'x. at 82 (injuries sustained while inside the work area while an inmate was going to or coming from break are covered by IACA) (citing *Wooten*, 437 F.2d at 80); *Baynes v. U.S.*, 302 F. App'x. 334, 335-36 (6th Cir. 2008) (the IACA applied to inmates injured in work bus accident on the way to work site). Plaintiff's Complaint alleges that the work facility does not have enough bathrooms, and as a result, he was injured. Thus, his injury occurred as a result of a workplace condition. As such, the Court finds that the injury falls within the definition of "work-related" and Plaintiff's sole remedy is the IACA.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to dismiss (Doc. 15) and **DISMISSES** Plaintiff's Complaint **with prejudice** as his claim is pre-empted by the IACA.

**IT IS SO ORDERED.**

**DATED: 11/5/2019**

s/ J. Phil Gilbert
**United States District Judge**