UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY E. RHODES, all persons who are or will be working at UNICOR, Marion-USP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, ASSOCIATE WARDEN OF OPERATIONS, WILLIAM TRUE, and HUGH HURWITZ,<br><br>　　　　Defendants. | Case No. 19-cv-50-JPG |

## **MEMORANDUM AND ORDER**

　　　　This matter comes before the Court on plaintiff Jimmy E. Rhodes's motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Docs. 26 & 28).[1]  In his motions, he seeks to vacate the Court's prior order and judgment (Docs. 24 & 25) finding that the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4), preempts, and is Rhodes's exclusive remedy for, his claim that the United States Penitentiary at Marion, Illinois, has an insufficient number of toilets in the bathroom serving the UNICOR work area.  The defendant United States of America has responded to the motions (Doc. 29).

　　　　As a preliminary matter, the United States argues that the Court should consider this motion under Federal Rule of Civil Procedure 60(b) rather than Rule 59(e), as labeled by Rhodes.  It claims, without citing any authority, that Rule 59(e) motions are only appropriate after a trial, whereas this case was resolved on a motion to dismiss.  Actually, there is no such restriction on Rule 59(e), and courts routinely consider them where cases were resolved on

---

[1] Rhodes's motions are identical in substance, but his second motion attaches witness affidavits in support of the insufficiency of the number of toilets.

motions rather than by trial.  *See, e.g., Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019) (affirming district court's construction of motion filed after judgment of dismissal without trial as Rule 59(e) motion); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (Rule 59(e) motion sought reconsideration of summary judgment order); *Cooper v. Haw*, 803 F. App'x 942, 945 n.1 (7th Cir. 2020) (finding motion filed after summary judgment delayed effective date of notice of appeal because it was a Rule 59(e) motion); *Donaldson v. City of Chi.*, 784 F. App'x 957, 958 n.1 (7th Cir. 2019) (holding motion filed 28 days after entry of judgment of dismissal on threshold review under 28 U.S.C. § 1915A was a Rule 59(e) motion).

The critical factor for determining whether a motion is under Rule 59(e) or Rule 60(b) is not whether the judgment challenged was the result of a trial but instead is the timing of the motion.  Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b).  *See Carter*, 922 F.3d at 826 n.1 (Rule 59(e) governs motions to reconsider filed within 28 days of entry of judgment); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing 10-day deadline for motion to alter or amend judgment).  Because Rhodes placed his motions in mail on or about November 24, 2019, 19 days after entry of judgment on November 5, 2019, they are Rule 59(e) motions.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876

(7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Rhodes has not presented sufficient grounds to justify relief under Rule 59(e). He points to no newly discovered evidence or changes in the controlling law relevant to the Court's preemption analysis. Presumably, he is asserting the Court made a manifest error of law or fact. However, he adds nothing new to the arguments he already presented to the Court before it entered judgment, and has certainly not pointed to any "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt*, 807 F.3d at 253.

First, Rhodes argues that the Court erred in considering as a prohibited "sur-reply" the brief he filed (Doc. 21) after the United States filed its reply brief (Doc. 20). He suggests his brief was warranted because the United States' reply brief violated a local rule by not attaching a copy of a case it cited that had not yet been published—*Reynolds v. United States*, No. 15-cv-262-JPG-GCS, 2019 WL 2353486, at *3 (S.D. Ill. June 4, 2019). This is the same argument that Rhodes made in response (Doc. 23) to the United States' motion to strike the brief as a "sur-reply" and that the Court has already rejected. Thus, this argument is not new and does not warrant relief under Rule 59(e).

3

Next, Rhodes argues that the Court erred by not understanding that he was raising a claim under the Federal Tort Claims Act ("FTCA") for violation of the Occupational Safety and Health Act ("OSHA"), not a claim under the IACA for a work-related injury. Rhodes made the same argument in his response to the United States' motion to dismiss. The Court understood the argument and rejected it. In fact, the Court found that Rhodes could *not* bring an FTCA claim based on an OSHA violation precisely *because of* the IACA's preemptive effect for claims of injuries suffered during work activities, even where the injuries were as a result of OSHA violations.

Finally, Rhodes insists that the Court erred in concluding that his claim fell within the scope of the IACA because his injury "was not suffered during the performance of [his] regular work assignment," 28 C.F.R. § 301.301(b), and was suffered "away from the work location," 28 C.F.R. § 301.301(c). Rhodes made the same arguments in opposition to the United States' motion to dismiss, only now he cites *Reynolds v. United States*, No. 15-cv-262-JPG-GCS, 2019 WL 2353486, at *3 (S.D. Ill. June 4, 2019), which was unavailable to him at the time of his response. *Reynolds*, however, does not change the law or the Court's conclusion. In fact, in ruling on the United States' motion to dismiss, the Court considered *Reynolds*, a decision it authored only months before. The Court thoroughly explored the IACA's limitation to "injuries suffered . . . in any work activity," 18 U.S.C. § 4126(c)(4), consistent with *all* the pronouncements in *Reynolds*. It determined that the nexus between Rhodes's injury and his prison job was strong enough to support IACA coverage because the specific availability of toilets to UNICOR workers was a work condition specific to the job, not a regular incident of prison life. Rhodes simply disagrees with that conclusion, and his rehashed arguments are insufficient to justify relief under Rule 59(e).

For the foregoing reasons, the Court finds Rhodes has not demonstrated any newly discovered material evidence, intervening changes in the controlling law, or manifest error of law or fact that would justify altering or amending the judgment under Rule 59(e).  Accordingly, the Court **DENIES** Rhodes's motions (Docs. 26 & 28).  The Court advises Rhodes that his 60-day period to appeal the judgment in this case and this order runs from entry of this order.  *See* Fed. R. App. 4(a)(1)(B)(i) & 4(a)(4)(A)(iv).

**IT IS SO ORDERED.**
**DATED:  June 29, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**